■ In the Matter of TRAVELERS INSURANCE COMPANY, Respondent, v TERESA A. LITTLETON, Appellant. [630 NYS2d 353]

—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, Teresa A. Littleton appeals from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered March 11, 1994, which granted the petition.

Ordered that the judgment is affirmed, with costs.

On July 13, 1990, Teresa A. Littleton was involved in an automobile accident. By a letter dated October 4, 1993, Littleton informed the petitioner that she would be making a claim for underinsured motorist benefits pursuant to an insurance policy that the petitioner had issued to her father. The petitioner disclaimed insurance coverage by a letter dated October 14, 1993, stating that Littleton had failed to provide it with written notice within 90 days or as soon as practicable after her claim arose as required by the insurance policy in question. When Littleton demanded arbitration, the petitioner sought a permanent stay, which was granted by the Supreme Court. We affirm.

An insured must give his or her insurance carrier notice of an accident or occurrence within the time limit provided in the insurance policy or within a reasonable time under all of the circumstances (see, Security Mut. Ins. Co. v Acker-Fitzsimmons Corp., 31 NY2d 436; Matter of Allstate Ins. Co. v Kashkin, 130 AD2d 744). Absent a valid excuse, failure to satisfy the notice requirement of an insurance policy vitiates insurance coverage (see, Security Mut. Ins. Co. v Acker-Fitzsimmons Corp., supra; Matter of Allstate Ins. Co. v Kashkin, supra). When the notice provision specifies that notice shall be in writing, other forms of notice will not suffice (see, Allstate Ins. Co. v Furman, 84 AD2d 29, affd 58 NY2d 613).

In this case, Littleton failed to offer any valid excuse for her failure to comply with the notice requirements of the insurance policy in question. Therefore, the petitioner's application to permanently stay arbitration was properly granted.

Littleton's remaining contentions were not raised before the Supreme Court. Therefore, they are not properly raised on appeal (see, Matter of Glazer v Hankin, 50 AD2d 924). Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.