■ In the Matter of the Arbitration between LIBERTY MUTUAL INSURANCE COMPANY, Appellant, and EDWARD DOMBROSKI et al., Respondents. [651 NYS2d 711] —Mercure, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered June 30, 1995 in Albany County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties, and (2) from an order of said court, entered March 7, 1996 in Albany County, which denied petitioner's motion for reconsideration.

Respondents were involved in an August 18, 1993 accident with a vehicle driven by Noel Hasslinger and owned by Mistie English (hereinafter collectively referred to as the third parties). At the time of the accident, respondents' vehicle was insured by petitioner. Although it appears that the third parties' vehicle was insured by Aetna Insurance Company, the third parties defaulted in a personal injury action commenced by respondents in July 1994. On November 8, 1994, nearly 14 months following the accident, respondents notified petitioner of the third parties' default and that, as a result, the third parties were to be considered either uninsured or underinsured and that respondents would be making a claim under their policy with petitioner. In response, petitioner sent respondents two blank uninsured motorist claim forms and authorization forms, with the request that the forms be completed and returned. It is undisputed that respondents never completed or returned the requested forms.

On February 24, 1995, petitioner advised respondents of its determination to deny benefits for uninsured or underinsured motorist coverage because of respondents' failure to give notice of the claim within 90 days of the date of the accident or as soon as practicable, as required by the policy. In March 1995, respondents served a demand for arbitration and petitioner responded with the instant application to stay arbitration.

Supreme Court denied petitioner's application, as well as its subsequent motion for reconsideration. Petitioner then appealed Supreme Court's determination. During the pendency of the appeal, respondents advised the court that Aetna has provided coverage for the third parties and, in fact, offered respondents the full amount of the policy. Based upon that development, respondents have withdrawn their claim for uninsured motorist coverage but advise that they intend to pursue their claim for underinsured motorist coverage.

We are constrained to reverse Supreme Court's order denying petitioner's application to stay arbitration. First, we agree with petitioner that respondents' notice to petitioner of their intention to file a claim under the uninsured or underinsured motorist endorsement of their insurance policy was untimely as a matter of law (see, Matter of Eveready Ins. Co. v Younger, 198 AD2d 276; Schiebel v Nationwide Mut. Ins. Co., 166 AD2d 520; Matter of Nassau Ins. Co. v Doyle, 114 AD2d 899). Second, we do not agree with Supreme Court's conclusion that petitioner failed to give timely notice of its disclaimer. In view of respondents' unexcused failure to complete and return the requested forms, the 3-1/2 month delay in this case was by no means unreasonable (cf., Matter of Firemen's Fund Ins. Co. v Hopkins, 88 NY2d 836; Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1030).

Because we conclude that Supreme Court should have granted petitioner's initial application, we need not consider the merits of petitioner's subsequent application for reconsideration.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the order entered June 30, 1995 is reversed, on the law, without costs, and the application to stay arbitration is granted. Ordered that the appeal from the order entered March 7, 1996 is dismissed, as academic, without costs.