■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v JOANN ADAMS, Respondent. [686 NYS2d 438] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated February 13, 1998, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

It is undisputed that the respondent was involved in a vehicular accident on May 20, 1995, and that she thereafter commenced an action against three individuals in Queens County on or about June 3, 1996, to recover damages for personal injuries. A motion by one of those individuals to dismiss the action for lack of personal jurisdiction was granted on or about June 11, 1997, whereupon the respondent commenced a new action in New Jersey against that individual as well as against a second person whom she had originally sued in the Queens County action. Shortly thereafter, the respondent's counsel learned that this second defendant "was insured for only $35,000". Hence, in a telephone call on July 8, 1997, counsel advised the petitioner, the insurance carrier for the respondent's husband, that a claim would be made for underinsured motorist benefits. In a letter dated July 16, 1997, the petitioner denied the claim based on the respondent's failure to give timely notice of the claim " 'as soon as practicable' " as required by the policy. The respondent subsequently demanded arbitration of the claim, and the petitioner commenced this proceeding to stay arbitration. The Supreme Court denied the petition. We reverse.

Since it is undisputed that the relevant provision of the insurance policy required that the respondent give notice of the claim to the petitioner " 'as soon as practicable' ", the respondent was required to give notice "within a reasonable time under all the circumstances" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d, 436, 441; *see, Matter of Nationwide Mut. Ins. Co. [Oglesby]*, 219 AD2d 771; *Matter of Travelers Ins.*

*Co. v Littleton,* 218 AD2d 661). Given the substantial delay in providing notice in this case, the respondent was obligated to demonstrate that she "acted with 'due diligence' in ascertaining the insurance status of the vehicle involved in the collision" (*Matter of Nationwide Mut. Ins. Co. v Edgerson,* 195 AD2d 560, 561; *see, Matter of State Farm Mut. Ins. Co. v Pizzonia,* 147 AD2d 703). The respondent came forward with no evidence that any efforts were made to acquire information regarding insurance coverage, nor did she proffer any excuse as to why such efforts were not made. Accordingly, on the record before us, the respondent has failed to sustain her burden of demonstrating due diligence or a reasonable excuse for the delay, and the notice was untimely. Under these circumstances, the arbitration must be stayed (*see, e.g., Matter of Allstate Ins. Co. [Dewyea],* 245 AD2d 667; *Matter of Liberty Mut. Ins. Co. [Dombroski],* 235 AD2d 606; *Schiebel v Nationwide Mut. Ins. Co.,* 166 AD2d 520; *Matter of Merchants Mut. Ins. Co. v Hurban,* 160 AD2d 873; *Matter of Allcity Ins. Co. [Armetta],* 117 AD2d 570). Bracken, J. P., Thompson, Altman and Krausman, JJ., concur.