■ In the Matter of NATIONWIDE INSURANCE COMPANY, Respondent, v WILLIAM MONTOPOLI, Appellant. [692 NYS2d 459] —In a proceeding pursuant to CPLR article 75 to stay the arbitration of a claim for underinsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (Carter, J.), dated August 4, 1998, which granted the application.

Ordered that the order is affirmed, with costs.

The relevant provision of the subject insurance policy required that the appellant, William Montopoli, give notice of the claim to the petitioner "within 90 days or as soon as practicable". The appellant was required to give notice within 90 days or as soon as practicable from the date he knew or should have known that the tortfeasor was underinsured (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441; *Matter of Nationwide Mut. Ins. Co. [Oglesby],* 219 AD2d 771; *Matter of Travelers Ins. Co. v Littleton,* 218 AD2d 661).

The appellant commenced an action against the tortfeasor nine months after the accident and made a demand for insurance information 11 months after the accident. The appellant gave notice of a possible underinsurance claim one year and 10 months after the accident. He was therefore obligated to demonstrate that he acted with due diligence in ascertaining the insurance status of the vehicle involved in the collision (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra*; *State Farm Mut. Auto. Ins. Co. v Adams,* 259 AD2d 551; *Matter of Nationwide Mut. Ins. Co. v Edgerson,* 195 AD2d 560, 561; *Matter of State Farm Mut. Ins. Co. v Pizzonia,* 147 AD2d 703). On the record before us, the appellant has failed to sustain his burden of demonstrating due diligence or a reasonable excuse for the delay in ascertaining the tortfeasor's insurance status. Therefore, notice of the claim was not given as soon as practicable (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra*; *State Farm Mut. Auto. Ins. Co. v Adams, supra*; *Matter of Allstate Ins. Co. [Dewyea],* 245 AD2d 667; *Matter of*

*Liberty Mut. Ins. Co. [Dombroski],* 235 AD2d 606; *Schiebel v Nationwide Mut. Ins. Co.,* 166 AD2d 520; *Matter of Merchants Mut. Ins. Co. v Hurban,* 160 AD2d 873). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.