◼ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v JOYCE BERNARDINE, Respondent, and TERENCE L. LEGREE et al., Additional Respondents. [699 NYS2d 85] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Carter, J.), dated September 17, 1998, which, *inter alia,* denied the petition.

Ordered that the order is reversed, with costs payable by the respondent, the petition is granted, and the arbitration is permanently stayed.

The relevant provision of the subject insurance policy required that the respondent, Joyce Bernardine, give notice of an uninsured motorist claim "as soon as practicable". The respondent was required to give notice as soon as practicable from the date she knew or should have known that the tortfeasor was uninsured (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441; *Matter of Nation-*

*wide Mut. Ins. Co. [Oglesby],* 219 AD2d 771; *Matter of Travelers Ins. Co. v Littleton,* 218 AD2d 661).

The respondent was involved in a motor vehicle accident with an alleged uninsured vehicle in February 1997. However, she did not provide the petitioner with notice of her intent to file an uninsured motorist claim until December 1997, two months after she received a notice of disclaimer from the tortfeasor's insurance company.

The respondent had the obligation to demonstrate that she acted with due diligence in ascertaining the insurance status of the vehicle involved in the accident (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra; Matter of Nationwide Ins. Co. v Montopoli,* 262 AD2d 647; *Matter of State Farm Mut. Auto. Ins. Co. v Adams,* 259 AD2d 551). The respondent came forward with no evidence of any efforts made to acquire information regarding insurance coverage. Accordingly, the respondent failed to sustain her burden of demonstrating due diligence or a reasonable excuse for the delay in ascertaining the tortfeasor's insurance status. Therefore, notice of the claim was not given as soon as practicable (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra; Matter of Nationwide Ins. Co. v Montopoli, supra*). O'Brien, J. P., Altman, Luciano and Smith, JJ., concur.