■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v SHERYL B. WEXLER, Appellant. [713 NYS2d 878] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated August 2, 1999, which granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

The appellant was involved in an automobile accident in December 1996. Shortly after the accident she filed a claim for "no-fault benefits" with the petitioner. In February 1997 she commenced an action against the owner and driver of the other vehicle involved in the collision. The appellant, however, did not notify the petitioner, her insurance company, of her intent to file a claim for underinsured motorist benefits until October 1997.

The relevant provision of the subject insurance policy required that the appellant provide the petitioner with notice of her claim for underinsured motorist benefits "as soon as practicable". This term has been interpreted to mean that an "insured must give notice with reasonable promptness after

the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495; *see also, Matter of Eagle Ins. Co. v Bernardine,* 266 AD2d 543). The appellant was required to demonstrate that she acted with due diligence in attempting to determine the insurance status of the other vehicle involved in this accident (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra; Matter of Nationwide Ins. Co. v Montopoli,* 262 AD2d 647; *Matter of State Farm Mut. Auto. Ins. Co. v Adams,* 259 AD2d 551).

The appellant failed to sustain her burden of demonstrating that she acted with due diligence in ascertaining the insurance status of the other vehicle and thus her notice of claim was not made "as soon as practicable". In addition, it is well settled that the filing of a claim for no-fault benefits does not constitute compliance with the requirement that a policyholder timely notify an insurer of his or her intent to make a claim for underinsurance benefits (*see, Matter of Nationwide Ins. Co. v Bietsch,* 224 AD2d 623; *State Farm Mut. Auto. Ins. Co. v Romero,* 109 AD2d 786).

Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration. O'Brien, J. P., Sullivan, Altman and H. Miller, JJ., concur.