■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Respondent, v DIANE M. SARNO, Appellant, et al., Respondent. [716 NYS2d 707] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), dated November 16, 1999, which granted the application.

Ordered that the order is affirmed, with costs.

The relevant provision of the subject insurance policy required that the appellant give written notice of an underinsured motorist claim to the petitioner "as soon as practicable," from the date she knew or should have known that the tortfeasor was underinsured (see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, 93 NY2d 487; Matter of Nationwide Ins. Co. v Montopoli, 262 AD2d 647). Furthermore, the appellant was obligated to demonstrate that she acted with due diligence

in ascertaining the insurance status of the vehicles involved in the accident (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra; Matter of Eagle Ins. Co. v Bernardine,* 266 AD2d 543; *Matter of Nationwide Ins. Co. v Montopoli, supra; Matter of State Farm Mut. Auto. Ins. Co. v Adams,* 259 AD2d 551).

There is no evidence that the appellant made any effort, other than tendering a complaint to one of the tortfeasor's insurers, to acquire information regarding insurance coverage. Moreover, the appellant gave no excuse as to why she did not make such an effort. Accordingly, the appellant did not sustain her burden of demonstrating due diligence or a reasonable excuse for the delay in ascertaining the tortfeasor's insurance status. Therefore, notice of the claim was not given as soon as practicable, and arbitration was properly stayed (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra; Matter of Eagle Ins. Co. v Bernardine, supra; Matter of Nationwide Ins. Co. v Montopoli, supra; Matter of State Farm Mut. Auto. Ins. Co. v Adams, supra*). Ritter, J. P., Altman, H. Miller and Smith, JJ., concur.