■ JOHN WITTERSCHEIN, Respondent, v STATE FARM INSURANCE COMPANY, Appellant. [718 NYS2d 192] —In an action for a judgment declaring, *inter alia,* that the defendant is obligated to provide the plaintiff with underinsured motorist benefits, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Slobod, J.), dated February 3, 2000, which granted the plaintiff's motion for summary judgment, denied its cross motion for summary judgment dismissing the complaint, and declared, *inter alia,* that it is obligated to provide the plaintiff with underinsured motorist benefits.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and it is declared that the defendant is not obligated to provide underinsured motorist benefits to the plaintiff.

On November 11, 1996, the plaintiff was seriously injured when a vehicle driven by Ziiadine Ramazanov, in which he was a passenger, crashed into a tree. In late December 1996 the plaintiff retained counsel to represent him in connection with the accident. In March 1997, the plaintiff's attorney sent a letter to Ramazanov advising him to "turn this letter over" to his insurance company. However, the plaintiff's attorney did not ascertain the limits of Ramazanov's insurance coverage until about August 11, 1997. Shortly thereafter, the plaintiff notified his insurance company, the defendant, State Farm Insurance Company, that he was seeking underinsured motorist benefits.

On appeal, the defendant contends that the Supreme Court erred in finding that the plaintiff gave notice of his underinsured motorist claim "as soon as practicable" and in declaring that the plaintiff is entitled to underinsured motorist benefits. We agree. In interpreting the phrase "as soon as practicable"

in the context of underinsured motorist coverage, the Court of Appeals has held that "the insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495). Here, however, the plaintiff failed to demonstrate that he exercised due diligence in attempting to ascertain Ramazanov's policy limits prior to August 1997, when Ramazanov's insurance carrier voluntarily disclosed the policy limits during the course of settlement negotiations. Thus, the plaintiff did not give the defendant notice of his underinsured motorist claim "as soon as practicable" (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra; Matter of Nationwide Mut. Ins. Co. v Wexler,* 276 AD2d 535; *Matter of Eagle Ins. Co. v Bernardine,* 266 AD2d 543). Friedmann, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.