■ In the Matter of Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, and JOAN M. MOORE, Respondent. [721 NYS2d 178] —Order unanimously reversed on the law without costs and petition granted. Memorandum: Supreme Court erred in denying the petition seeking a permanent stay of arbitration of a claim for supplemental uninsured motorist (SUM) benefits. Respondent was injured in an automobile accident on September 23, 1995. The insurance policy issued to her by petitioner required her to give notice of the SUM claim "[a]s soon as practicable," i.e., "with reasonable promptness after [she] knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495). Respondent gave notice of the claim for SUM benefits on March 16, 1999; the notice was denied by petitioner two weeks later on the ground of late notice. We conclude that the 42-month delay was unreasonable (*see, Matter of Travelers Ins. Co. [DeLosh]*,

249 AD2d 924, 925), and respondent failed to meet her burden of establishing a reasonable excuse for the delay (*cf., Matter of Travelers Ins. Co. [DeLosh], supra,* at 925-926). The nature and extent of respondent's injury did not change from the time of the accident until the time when respondent provided petitioner with notice of the SUM claim (*cf., Matter of Travelers Ins. Co. [DeLosh], supra,* at 925-926), nor did she demonstrate that she acted with due diligence in attempting to determine the insurance status of the tortfeasor (*see, Matter of Nationwide Mut. Ins. Co. v Wexler,* 276 AD2d 490; *Matter of Nationwide Ins. Co. v Montopoli,* 262 AD2d 647). Respondent was aware of the identity of the tortfeasor on the day of the accident and was represented by counsel during most of the 42-month delay but provided no explanation for her failure to ascertain the tortfeasor's liability limits during that period of time (*see, Ciaramella v State Farm Ins. Co.,* 273 AD2d 831; *Owen v Allstate Ins. Co.,* 250 AD2d 1018, 1019-1020). We therefore reverse the order and grant the petition seeking a permanent stay of arbitration. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Arbitration.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.