■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v ANDRINE V. BENNETT,

Respondent. [734 NYS2d 637] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated June 22, 2001, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and arbitration is permanently stayed.

On September 14, 1995, the respondent was involved in the motor vehicle accident at issue. However, he did not notify his insurer, the petitioner, of his underinsured motorist claim until July 18, 1997, some 22 months later. We agree with the petitioner that the respondent did not give notice of his underinsured motorist claim "[a]s soon as practicable" as required by his policy. In interpreting that phrase "as soon as practicable" in the context of underinsured motorist coverage, the Court of Appeals has held that "the insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495). Here, however, the respondent failed to demonstrate that he exercised due diligence in attempting to ascertain the tortfeasors' policy limits prior to May 27, 1997, when the respondent claims to have been made aware of those policy limits. Thus, the respondent did not give the petitioner notice of his underinsured motorist claim "as soon as practicable," and the petition should have been granted (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra; Witterschein v State Farm Ins. Co.,* 278 AD2d 317; *Matter of Nationwide Mut. Ins. Co. v Wexler,* 276 AD2d 490; *Matter of Eagle Ins. Co. v Bernardine,* 266 AD2d 543). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.