■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v GLORIA DiGREGORIO, Appellant. [742 NYS2d 577] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the appeal is from an order of the Supreme Court, Westchester County (Wood, J.H.O.), dated June 26, 2001, which granted the petition.

Ordered that the order is affirmed, with costs.

On May 15, 1999, the appellant, while a passenger in a friend's vehicle, suffered personal injuries in a two-vehicle collision. In addition to injuries that she noticed immediately, her lower back started hurting about a week after the collision. She went for an MRI, and learned that she had a herniated disc and a pinched nerve. At a doctor's suggestion, she went for physical therapy for about six weeks, but that did not help. By June 1999, the appellant's back "was getting worse and worse

and [she] couldn't walk." Finally, one day in February 2000, she "had to call 911 because [she] just couldn't move and [she] was taken to the hospital." Eventually, she was told that she would need surgery on her back to correct the herniated disc.

In March 2000, after she consulted an attorney, the appellant sued the owner and driver of the other vehicle involved in the collision (hereinafter the tortfeasors). On April 28, 2000, the tortfeasor's insurer informed the appellant's attorney that the policy limits were $25,000. Thereafter, by letter dated May 4, 2000, the appellant's attorney informed the petitioner Nationwide Insurance Company (hereinafter Nationwide), insurer of the appellant's friend, that the appellant intended to make an underinsured motorist claim. Nationwide disclaimed coverage because, among other grounds, the appellant failed to provide it with notice of her claim for underinsurance benefits "as soon as practicable," as required by the policy. After the appellant filed a demand for arbitration of her claim for underinsured motorist benefits against Nationwide, Nationwide commenced the instant proceeding, inter alia, to permanently stay arbitration of the appellant's claim. After a hearing, the Supreme Court granted the petition. We affirm.

Where there is a question as to whether an insured has given an insurer notice of a claim for underinsurance benefits "as soon as practicable," the court must determine whether the insured gave notice "with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495). The insured must demonstrate that he or she "acted with due diligence in attempting to determine the insurance status of the other vehicle involved in" the subject accident (*Matter of Nationwide Mut. Ins. Co. v Wexler,* 276 AD2d 490, 491; *see Matter of State Farm Mut. Auto. Ins. Co. v Bennett,* 289 AD2d 496; *Witterschein v State Farm Ins. Co.,* 278 AD2d 317; *Matter of Eagle Ins. Co. v Bernardine,* 266 AD2d 543).

Under the particular facts of this case, we agree that the appellant's notice to Nationwide was untimely. The appellant claims that she did not know of the seriousness of her injury until February or March 2000, when she was informed that her herniated disc required surgery, and that she thereafter promptly sued the tortfeasor and notified Nationwide of her underinsurance claim. However, her own testimony at the hearing established that by June 1999 the appellant knew that she had a herniated disc and a pinched nerve with pain radiating down to a leg. We conclude that the appellant's time in

which to determine whether the tortfeasor was underinsured should be measured from that date. Thus, she waited more than 10 months before notifying Nationwide of her claim for underinsurance benefits. Under the circumstances, the appellant failed to demonstrate that she acted with due diligence in attempting to ascertain the insurance status of the tortfeasor's vehicle, and her notice to Nationwide was untimely (*see Elkowitz v Farm Family Mut. Ins. Co.,* 180 AD2d 711; *Schiebel v Nationwide Mut. Ins. Co.,* 166 AD2d 520). O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.