■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANIES, Respondent, and APRIL L. PROPER, Appellant. [751 NYS2d 810] —Appeal from an order of Supreme Court, Erie County (Lane, J.), entered February 5, 2002, which granted the petition seeking a permanent stay of arbitration of respondent's claim for supplemental uninsured motorist benefits.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the petition seeking a permanent stay of arbitration of respondent's claim for supplemental uninsured motorist (SUM) benefits. Respondent was injured in an automobile accident on September 29, 1999 but did not provide petitioner with notice of her SUM claim until September 14, 2001. The insurance policy issued to respondent by petitioner required her to give notice of a SUM claim "as soon as practicable," i.e., "with reasonable promptness after [she] knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495). Respondent

failed to meet her burden of establishing a reasonable excuse for her nearly two-year delay in giving notice (*see Matter of Allstate Ins. Co. [Earl],* 284 AD2d 1002, 1004; *Unwin v New York Cent. Mut. Fire Ins. Co.,* 268 AD2d 669, 670-671). "The nature and extent of respondent's injury did not change from the time of the accident until the time when respondent provided petitioner with notice of the SUM claim" (*Matter of New York Cent. Mut. Fire Ins. Co. [Moore],* 280 AD2d 923, 924; *see Unwin,* 268 AD2d at 671). Respondent also failed to demonstrate that she exercised due diligence in ascertaining the tortfeasor's policy limits (*see Matter of Nationwide Mut. Ins. Co. v DiGregorio,* 294 AD2d 579, 580-581; *Matter of Interboro Mut. Indem. Ins. Co. v Sarno,* 277 AD2d 454, 455). Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Lawton, JJ.