■ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, and DOROTHY I. SZYMASZEK et al., Respondents. [758 NYS2d 572] —Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered August 14, 2002, which denied the petition seeking a permanent stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Supreme Court erred in denying the petition seeking a permanent stay of arbitration. Respondent Dorothy I. Szymaszek was injured in a motor vehicle accident on October 28, 1998. Respondents commenced a personal injury action on March 27, 2001 against the driver and owner of the other vehicle involved in the accident but were unable to locate them in order to serve the summons and complaint. Respondents thereafter effected service upon them pursuant to an order of Supreme Court by serving their insurance carrier on September 25, 2001 (*see* CPLR 308 [5]). The insurance carrier advised respondents on October 8, 2001 that the policy had been cancelled on October 7, 1998, approximately three weeks before the motor vehicle accident. On November 27, 2001, respondents made a formal claim for supplemental uninsured motorist (SUM) coverage from petitioner, their insurer. Petitioner disclaimed coverage on December 14, 2001 on the ground that respondents did not provide petitioner with written notice of the SUM claim until three years after the loss occurred. The policy required that respondents provide written notice of a claim for SUM coverage "[a]s soon as practicable."

"A delay of over [three] years [in providing written notice of a SUM claim] is unreasonable as a matter of law * * * and shifts the burden to the insured to provide a reasonable excuse for the delay or establish due diligence in ascertaining the insurance coverage of the vehicle[ ] involved in the accident" (*Matter of State Farm Mut. Auto. Ins. Co. [Hernandez]*, 275 AD2d 989, 989 [2000]; *see generally Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]). Here, respondents failed to demonstrate a reasonable excuse for the delay in providing notice of their claim for SUM coverage and failed to establish due diligence in ascertaining the insurance coverage available from the driver and owner of the other vehicle involved in the accident (*see Matter of New York Cent. Mut. Fire Ins. Co. [Moore]*, 280 AD2d 923, 923-924 [2001]; *cf. Matter of Nationwide Ins. Co. [Sawbridge]*, 300 AD2d 1063, 1064 [2002]). We therefore reverse the order and grant the petition seeking a permanent stay of arbitration. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.