Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered September 5, 2002, which denied the petition seeking a permanent stay of arbitration and granted respondent’s cross motion to dismiss the petition.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied and the petition is granted.
*906 Memorandum: Respondent was injured in an automobile accident on May 24, 1998, but did not give petitioner notice of his supplemental uninsured motorist (SUM) claim until June 28, 2000. The insurance policy issued by petitioner to respondent required him to give notice of a SUM claim “[a]s soon as practicable,” i.e., “with reasonable promptness after [he] knew or should reasonably have known that the tortfeasor was underinsured” (Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, 93 NY2d 487, 495 [1999]). Petitioner sought a permanent stay of arbitration of respondent’s SUM claim, and respondent cross-moved to dismiss the petition. We conclude that Supreme Court should have granted the petition. Respondent failed to meet his burden of establishing a reasonable excuse for the more than two-year delay in giving notice (see Matter of State Farm Mut. Auto. Ins. Cos. [Proper], 300 AD2d 1095, 1095-1096 [2002]; Matter of Nationwide Ins. Co. v Montopoli, 262 AD2d 647 [1999]). “The nature and extent of respondent’s injury did not change from the time of the accident until the time when respondent provided petitioner with notice of the SUM claim” (Matter of New York Cent. Mut. Fire Ins. Co. [Moore], 280 AD2d 923, 924 [2001]; see Proper, 300 AD2d at 1096; cf. Matter of Travelers Ins. Co. [DeLosh], 249 AD2d 924, 925 [1998]). Nor did respondent demonstrate that he acted with due diligence in attempting to determine the insurance coverage of the tortfeasor (see Proper, 300 AD2d at 1096; Moore, 280 AD2d at 924). Respondent retained his attorney one month after the accident, but the record “does not reflect the efforts of that attorney, if any, to obtain the information necessary for respondent to make a claim for SUM benefits” at any time before May or June 2000 (Matter of Hartford Cas. Ins. Co. [Brody], 278 AD2d 830, 830-831 [2000]; cf. Matter of State Farm Mut. Auto. Ins. Co. [Hernandez], 275 AD2d 989, 990 [2000]), despite the fact that “[Respondent was aware of the identity of the tortfeasor on the day of the accident” (Moore, 280 AD2d at 924). We therefore reverse the order, deny respondent’s cross motion, and grant the petition seeking a permanent stay of arbitration. In view of our determination, there is no need to address petitioner’s remaining contentions. Present—Green, J.P, Pine, Wisner and Hayes, JJ.