■ GERMAIN BROWN, Appellant, v TRAVELERS INSURANCE COMPANY, Respondent. [772 NYS2d 434]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered February 25, 2003. The judgment denied plaintiff's motion for summary judgment on the complaint, granted defendant's cross motion for summary judgment and rendered a declaratory judgment in favor of defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment declaring that defendant has no obligation to provide supplemental underinsured motorist

(SUM) benefits to plaintiff. Plaintiff was injured in a motor vehicle accident on June 20, 1999. On February 9, 2000, she commenced a negligence action against the owner and operator of the other vehicle involved in the accident, alleging that, as a result of the accident, she sustained injuries that were "permanent in nature or constitute [a] significant limitation of use of a body function or system or a medically determined injury or impairment of a non-permanent nature which prevented the [p]laintiff from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." On October 19, 2000, plaintiff's attorney was informed that the alleged tortfeasor's liability insurance coverage was limited to $25,000. On June 20, 2001, plaintiff's treating physician testified at a deposition in the underlying negligence action that plaintiff's back injury "is now a permanent injury." The treating physician further testified that he had first treated plaintiff for the injuries sustained in the accident on July 21, 1999, and that, in his opinion, plaintiff was "totally disabled" at that visit and at every visit thereafter. On June 18, 2001, plaintiff's attorney notified defendant for the first time of plaintiff's potential SUM claim.

Plaintiff's automobile liability policy with defendant required that plaintiff provide defendant with written notice of a SUM claim "[a]s soon as practicable," which the Court of Appeals has defined as notice "with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]). Here, plaintiff knew or at the very least should have known that her injuries were "serious" within the meaning of Insurance Law § 5102 (d) no later than the date on which she commenced the underlying negligence action in February 2000 (*see id.* at 496). At that point, she was required to exercise due diligence in ascertaining the amount of the alleged tortfeasor's liability insurance policy limits (*see Matter of State Farm Mut. Auto. Ins. Co. [Cybulski]*, 1 AD3d 905 [2003]; *Matter of State Farm Mut. Auto. Ins. Cos. [Proper]*, 300 AD2d 1095 [2002]; *Matter of New York Cent. Mut. Fire Ins. Co. [Moore]*, 280 AD2d 923, 924 [2001]) and to notify defendant of her SUM claim "with reasonable promptness" thereafter (*Metropolitan Prop. & Cas. Ins. Co*, 93 NY2d at 495). Here, plaintiff failed to provide a notice of claim until 16 months after "proclaim[ing] [her] injuries as 'serious' " (*id.* at 496), and eight months after she ascertained the amount of the alleged tortfeasor's policy limits. The contention of plaintiff that her

delay should be excused because she was not "reasonably certain" that she sustained a serious injury until June 2001 is without merit in view of the testimony of her physician that her injury was totally disabling from the first date of his treatment and in view of the fact that plaintiff commenced an action alleging that she had sustained a serious injury in February 2000. The notice of claim for SUM benefits was thus untimely as a matter of law (*see id.*; *Matter of Nationwide Mut. Ins. Co. v DiGregorio*, 294 AD2d 579, 580-581 [2002]; *see also Proper*, 300 AD2d at 1095-1096). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Kehoe, JJ.