■ In the Matter of the Arbitration between PROGRESSIVE INSURANCE COMPANIES, Appellant, and AMANDA C. HOUSE, an Infant, by ANTOINETTE L. HOUSE, as Parent and Guardian, et al., Respondents. [823 NYS2d 560]—

Peters, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered December 28, 2005 in Tompkins County, which, inter alia, denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On February 27, 2005, respondent Amanda C. House, an infant, was seriously injured in a single-vehicle accident while a passenger in a vehicle operated by Joshua Benjamin. At the time of the accident, House's mother, respondent Antoinette L.

---

2. Claimant presently is employed in a family-run business.

House, maintained an insurance policy with petitioner which provided supplemental uninsured/underinsured motorist (hereinafter SUM) coverage. As a condition precedent to such coverage, written notice of a claim had to be given "[a]s soon as practicable"; House's mother did not provide such notice to petitioner until July 2005. Shortly thereafter, petitioner disclaimed coverage due to the alleged untimely notice. Respondents filed for SUM arbitration and petitioner commenced this proceeding, pursuant to CPLR article 75, for a permanent stay of arbitration. Supreme Court denied the petition and petitioner appeals.

It is settled that the notice provisions of insurance contracts, including those for underinsurance coverage, are conditions precedent before liability can be imposed (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 492-493 [1999]). However, unlike other insurance claims where the occurrence of a single event could trigger the ripening of a claim from which the timeliness of the notice could be measured, a claim for underinsurance benefits must be assessed on a case-by-case basis (*see id.* at 493). It is for this reason that the Court of Appeals has stated that "[i]n interpreting the phrase 'as soon as practicable' in the underinsurance context we hold that the insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*id.* at 495 [footnote omitted]; *see Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468, 474 [2005]; *Matter of Nationwide Mut. Ins. Co. [Mackey]*, 25 AD3d 905, 906 [2006]).

Working from this standard, we find respondents to have provided petitioner with *reasonably prompt notice of their claim.* House remained hospitalized from the date of the accident through March 3, 2005. A few days after the accident, her mother was contacted by the driver's carrier, Farmer's Insurance Company, who later informed her that it would be responsible for, among other things, her daughter's medical bills and lost wages. Neither House nor her mother met with their own counsel until April 2, 2005 and it was not until May 16, 2005 that counsel learned that the liability limits of the Benjamin policy were "50/100/50." Approximately two months from their receipt of this information, and approximately 4½ months after the accident, respondents sent petitioner the requisite written notice of their claim for SUM benefits. Due to the promptness with which respondents filed for SUM benefits after learning of the liability limits on the Benjamin policy (*compare Matter of Metropolitan Prop. & Cas. Ins. Co. v Man-*

*cuso, supra* at 497, *with Brown v Travelers Ins. Co.,* 4 AD3d 835, 836-837 [2004]), we find their case unlike *Rekemeyer v State Farm Mut. Auto. Ins. Co. (supra)* and agree that the petition to stay arbitration was appropriately denied.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.