██ In the Matter of the Arbitration between NEW YORK MU-NICIPAL INSURANCE RECIPROCAL, Appellant, and CHRISTOPHER McGUIRK, Respondent. [845 NYS2d 577]—

Lahtinen, J. Appeal from an order of the Supreme Court (Hard, J.), entered April 10, 2007 in Albany County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On January 24, 2005, respondent, an employee of the Warren County Sheriff's Department, was injured in a patrol car—a vehicle owned by Warren County and for which supplementary uninsured/underinsured motorist (hereinafter SUM) insurance coverage had been obtained with petitioner—that was struck by a vehicle driven by Rachael McCrea and owned by Michael McCrea and Victoria McCrea. As is relevant here, at the end of July 2005 respondent was informed by the McCreas' insurer that their policy had a $100,000 liability limit. Less than two weeks later, at the beginning of August 2005, respondent notified petitioner of a possible SUM claim and petitioner—asserting that it was not notified of the claim "as soon as practicable" as required under the policy—disclaimed coverage. Respondent served a demand for SUM arbitration in November 2005 and, in response, petitioner commenced this proceeding in Supreme Court to stay the arbitration. Finding that respondent notified petitioner as soon as was practicable under the circumstances, Supreme Court denied the petition, prompting this appeal by petitioner.

We affirm. Notice provisions of insurance contracts establish conditions precedent to the imposition of liability (*see Matter of Progressive Ins. Cos. [House]*, 34 AD3d 889, 890 [2006]). "[I]n the SUM context, the phrase 'as soon as practicable' means that

'the insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured' " (*Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468, 474 [2005], quoting *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]; *see Matter of Progressive Ins. Cos. [House]*, 34 AD3d at 890). Here, there is no dispute that respondent first discovered that the McCreas were underinsured at the end of July 2005 when he received a letter from their insurer detailing their policy's liability limit. In addition, there is no allegation on the part of petitioner that, through diligent efforts, respondent should reasonably have discovered this information at an earlier time. Petitioner's assertion that respondent was aware at an earlier time that the McCreas' coverage may be insufficient* is of no moment, as the timeliness of notice in the SUM context does not turn upon the suspicions of the insured, but upon when the insured actually knew that the tortfeasor's coverage was inadequate or when such information should reasonably have been discovered (*see Matter of Assurance Co. of Am. v Delgrosso*, 38 AD3d 649, 650 [2007]; *Matter of Continental Ins. Co. v Marshall*, 12 AD3d 508, 508 [2004], *lv denied* 4 NY3d 708 [2005]; *Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 7 AD3d 955, 957 [2004], *mod on other grounds* 4 NY3d 468 [2005]; *Brown v Travelers Ins. Co.*, 4 AD3d 835, 836 [2004]). Thus, Supreme Court correctly concluded that respondent's notice to petitioner of the SUM claim two weeks after his discovery that the McCreas were underinsured was prompt (*see Matter of Progressive Ins. Cos. [House]*, 34 AD3d at 890-891) and, accordingly, we affirm Supreme Court's denial of petitioner's request for a permanent stay of arbitration.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Respondent did notify other possibly liable insurance carriers at the end of April 2005 that there may be a SUM claim arising from the accident. However, there is no evidence in the record that respondent knew that such a claim would be made until the end of July 2005 when he was informed of the liability limits of the McCreas' insurance policy.