■ In the Matter of TRAVELERS INSURANCE COMPANY, Appellant, v PEARL COHEN, Respondent. PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Proposed Additional Respondent, et al., Proposed Additional Respondent. [877 NYS2d 189]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from a judgment of the Supreme Court, Orange County (Giacomo, J.), dated November 7, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs to the petitioner payable by the respondent Pearl Cohen and the proposed additional respondent Progressive Northeastern Insurance Company, the petition is granted, and the arbitration is permanently stayed.

Pearl Cohen allegedly was injured on December 23, 2005 when she was forced to jump out of the way of a car driven by Wayne Salvaty. Cohen made no attempt to contact either her insurance carrier, the appellant Travelers Insurance Company (hereinafter Travelers), or Salvaty's insurance carrier, the proposed additional respondent Progressive Northeastern Insurance Company (hereinafter Progressive) prior to contacting an attorney in September 2006. On October 3, 2006 Cohen gave no-

tice to Travelers of a potential supplemental underinsured/ uninsured motorist (hereinafter SUM) claim. On October 30, 2006 Travelers issued a letter to Cohen disclaiming coverage for her SUM claim on the basis that she had failed to give Travelers notice of the claim "as soon as practicable," as required by her policy.

On December 6, 2006 Progressive issued a letter to Salvaty disclaiming coverage for the accident on the basis of late notice of the claim. On January 2, 2007 Cohen forwarded a copy of Progressive's disclaimer letter to Travelers and notified Travelers of her intention to pursue a SUM claim. Cohen subsequently served Travelers with a request for arbitration, and Travelers instituted this proceeding, inter alia, to permanently stay the arbitration. The Supreme Court denied the petition. We reverse.

The Court of Appeals has held that the phrase "as soon as practicable," as used in the SUM context, means that the "insured must give notice with reasonable promptness after the insured knew or reasonably should have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]; *see Matter of Assurance Co. of Am. v Delgrosso*, 38 AD3d 649, 650 [2007]). The insured bears "[the] burden of demonstrating that [he or] she acted with due diligence in ascertaining the insurance status of the other vehicle" (*Matter of Nationwide Mut. Ins. Co. v Wexler*, 276 AD2d 490, 491 [2000]; *see Matter of Nationwide Ins. Co. v Montopoli*, 262 AD2d 647 [1999]; *Matter of State Farm Mut. Auto. Ins. Co. v Adams*, 259 AD2d 551, 552 [1999]). Here, Cohen failed to establish that she exercised any diligence whatsoever in attempting to ascertain the insurance status of Salvaty's vehicle from the date of the accident on December 23, 2005 until she contacted an attorney in September 2006. Under the circumstances presented, the notice was untimely and the arbitration should have been permanently stayed (*see Matter of Nationwide Ins. Co. v Montopoli*, 262 AD2d at 647; *Matter of State Farm Mut. Auto. Ins. Co. v Adams*, 259 AD2d at 552; *cf. Matter of State Farm Mut. Auto. Ins. Co. v Linero*, 13 AD3d 546, 548 [2004]).

Contrary to Cohen's contention, under the circumstances presented here, Travelers was not required to demonstrate prejudice (*see Matter of Assurance Co. of Am. v Delgrosso*, 38 AD3d at 650; *see also Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468 [2005]).

In light of our determination, the parties' remaining contentions have been rendered academic. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.