■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, v CHARLES MCBRIDE, Respondent, et al., Additional Respondents. [884 NYS2d 167]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Rios, J.), dated May 20, 2008, as denied that branch of the petition which was to permanently stay the arbitration.

Ordered that the judgment is affirmed, with costs.

In the context of supplementary uninsured/underinsured motorist (hereinafter SUM) claims, it is the claimant's burden to prove timeliness of notice, which is measured by the date the claimant knew or should have known that the tortfeasor was underinsured (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]; *Matter of Assurance Co. of Am. v Delgrosso*, 38 AD3d 649 [2007]; *Matter of State Farm Mut. Auto. Ins. Co. v Linero*, 13 AD3d 546 [2004]; *Matter of Continental Ins. Co. v Marshall*, 12 AD3d 508 [2004]; *State Farm Mut. Auto. Ins. Co. v Sparacio*, 297 AD2d 284, 285 [2002]). Timeliness of notice is an elastic concept, the resolution of which is highly dependent on the particular circumstances (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d at 494-495; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 19 [1979]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *Morris Park Contr. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 763, 764-765 [2006]). In determining whether notice was timely, factors to consider include, inter alia, whether the claimant has offered a reasonable excuse for any delay, such as latency of his/her injuries, and evidence of the claimant's due diligence in attempting to establish the insurance status of the other vehicles involved in the accident (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d at 492-493; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d at 19-20; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441; *Matter of Blue Ridge Ins. Co. v Cook*, 301 AD2d 598, 599 [2003]; *Matter of Allstate Ins. Co. [White]*, 231 AD2d 950 [1996]; *cf. Matter of Nationwide Mut. Ins. Co. v Wexler*, 276 AD2d 490, 491 [2000]).

Here, the respondent Charles McBride established a reasonable excuse for his nearly one-year delay in notifying his insurer, the petitioner, Progressive Northeastern Insurance Company (hereinafter Progressive). McBride submitted evidence that his counsel sent several written requests to the insurers of the vehicle which struck the taxicab in which he had been a passenger at the time of the accident, and to the insurers of the taxicab, and that in the ensuing 12 months those insurers ignored his requests and/or provided erroneous information on the SUM limits of their respective policies (*see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d at 20-21; *Matter of Allstate Ins. Co. [White]*, 231 AD2d 950 [1996]; *cf. Matter of Travelers Ins. Co. v Cohen*, 61 AD3d 768 [2009]; *Matter of Continental Ins. Co. v Marshall*, 12 AD3d 508 [2004]; *Matter of State Farm Mut. Auto. Ins. Co. v Bennett*, 289 AD2d 496 [2001]; *Matter of Interboro*

*Mut. Indem. Ins. Co. v Sarno,* 277 AD2d 454 [2000]; *Matter of American Cas. Ins. Co. v Silverman,* 271 AD2d 528 [2000]; *Matter of Nationwide Ins. Co. v Montopoli,* 262 AD2d 647 [1999]). Accordingly, we affirm so much of the judgment as denied that branch of the petition which was to permanently stay the arbitration. Spolzino, J.P., Santucci, Florio and Lott, JJ., concur.