■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v RAYMOND E. GALLAGHER et al., Appellants. [890 NYS2d 589]—

"Where, as here, an insured is required to provide notice of a claim as soon as practicable, such notice must be given within a reasonable time under all of the circumstances" (*Matter of State Farm Mut. Auto. Ins. Co. v Bombace*, 5 AD3d 782, 782 [2004]; *see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *Matter of State Farm Mut. Auto. Ins. Co. v Adams*, 259 AD2d 551, 551-552 [1999]). "In the context of

supplementary uninsured/underinsured motorist (hereinafter SUM) claims, it is the claimant's burden to prove timeliness of notice, which is measured by the date the claimant knew or should have known that the tortfeasor was underinsured" (*Matter of Progressive Northeastern Ins. Co. v McBride*, 65 AD3d 632, 633 [2009]; *see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]). "Timeliness of notice is an elastic concept, the resolution of which is highly dependent on the particular circumstances" (*Matter of Progressive Northeastern Ins. Co. v McBride*, 65 AD3d at 633; *see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d at 494-495). "In determining whether notice was timely, factors to consider include, inter alia, whether the claimant has offered a reasonable excuse for any delay, such as latency of his/her injuries, and evidence of the claimant's due diligence in attempting to establish the insurance status of the other vehicles involved in the accident" (*Matter of Progressive Northeastern Ins. Co. v McBride*, 65 AD3d at 633; *see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d at 492-493).

Under the circumstances of this case, the appellant Raymond Gallagher failed to file written notice of his SUM claim as soon as practicable, as was required by his insurance policy, and he failed to sustain his burden of demonstrating due diligence or a reasonable excuse for the delay in ascertaining the alleged tortfeasor's insurance status (*see Matter of Continental Ins. Co. v Marshall*, 12 AD3d 508, 508-509 [2004]; *Matter of Nationwide Mut. Ins. Co. v DiGregorio*, 294 AD2d 579, 580-581 [2002]; *see also Matter of State Farm Mut. Auto Ins. Co. v Adams*, 259 AD2d at 552). Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration of the claim for SUM benefits.

The appellants' remaining contentions either are without merit, or are not properly before this Court. Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.