In an action for a judgment declaring, inter alia, that the defendants are obligated to provide supplementary uninsured/ underinsured motorist benefits to the plaintiff in connection with an accident that occurred on January 25, 2007, the plaintiff appeals from an order of the Supreme Court, Queens County (Rios, J.), entered April 20, 2011, which granted the defendants’ motion for summary judgment, in effect, declaring that they are not so obligated and denied his cross motion for summary judgment, in effect, declaring that the defendants are so obligated.
Ordered that the order is reversed, on the law, with costs, the defendants’ motion is denied, the plaintiff’s cross motion is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendants are obligated to provide supplementary uninsured/ underinsured motorist benefits to the plaintiff in connection with the accident that occurred on January 25, 2007.
“Where, as here, an insured is required to provide notice of a claim as soon as practicable, such notice must be given within a reasonable time under all of the circumstances” (Matter of State Farm Mut. Auto. Ins. Co. v Bombace, 5 AD3d 782, 782 [2004]; see Security Mut. Ins. Co. of NY. v Acker-Fitzsimons Corp., 31 NY2d 436, 441 [1972]; Matter of Liberty Mut. Ins. Co. v Gallagher, 68 AD3d 772 [2009]). “In the context of supplementary uninsured/underinsured motorist (hereinafter SUM) claims, it is the claimant’s burden to prove timeliness of notice, which is measured by the date the claimant knew or should have known that the tortfeasor was underinsured” (Matter of Progressive Northeastern Ins. Co. v McBride, 65 AD3d 632, 633 [2009]; see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, 93 NY2d 487, 495 [1999]; Matter of Liberty Mut. Ins. Co. v Gal *719 lagher, 68 AD3d at 773). “Timeliness of notice is an elastic concept, the resolution of which is highly dependent on the particular circumstances” (Matter of Progressive Northeastern Ins. Co. v McBride, 65 AD3d at 633; see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, 93 NY2d at 494; Matter of Liberty Mut. Ins. Co. v Gallagher, 68 AD3d at 773). “In determining whether notice was timely, factors to consider include, inter alia, whether the claimant has offered a reasonable excuse for any delay, such as latency of his/her injuries, and evidence of the claimant’s due diligence in attempting to establish the insurance status of the other vehicles involved in the accident” (Matter of Progressive Northeastern Ins. Co. v McBride, 65 AD3d at 633; see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, 93 NY2d at 493; Matter of Liberty Mut. Ins. Co. v Gallagher, 68 AD3d at 773).
Here, the plaintiff established, prima facie, that he provided notice of his claim to the defendants as soon as practicable, and that he exercised due diligence in ascertaining the alleged tortfeasor’s insurance status. With respect to the issue of due diligence, the plaintiff met his prima facie burden by submitting the correspondence which he sent within two weeks of the underlying accident to the alleged tortfeasor, the vehicle owner, and the insurer of the alleged tortfeasor and vehicle owner, seeking its policy limits, as well as a subsequent discovery demand for the policy limits he served in the course of litigating a related personal injury action (see Matter of Progressive Northeastern Ins. Co. v McBride, 65 AD3d 632 [2009]; see also Insurance Law § 3420 [f] [2] [A]). Accordingly, the defendants’ motion for summary judgment should have been denied, and the plaintiff’s cross motion for summary judgment declaring that the defendants are obligated to provide supplementary uninsured/underinsured motorist benefits to him should have been granted, since the defendants failed to raise a triable issue of fact in opposition to the plaintiffs cross motion.
Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendants are obligated to provide supplementary uninsured/underinsured motorist benefits to the plaintiff in connection with an accident that occurred on January 25, 2007 (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Skelos, J.P., Florio, Roman and Miller, JJ., concur.