■ In the Matter of GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, Appellant, v WALTER SIERRA CRUZ, Respondent. [51 NYS3d 195]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated August 27, 2015, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, and the petition to permanently stay arbitration is granted.

The respondent William Sierra Cruz was involved in a car accident in which his vehicle was hit in the rear by a vehicle driven by nonparty Brendon Knapp. The vehicle Cruz was driving was insured by the petitioner, GuideOne Specialty Mutual Insurance Company (hereinafter GuideOne), and Knapp's vehicle was insured by Allstate Insurance Company (hereinafter Allstate). On May 23, 2013, about three weeks after the accident, Cruz's attorney wrote a letter to GuideOne advising that, since she had not yet verified Knapp's coverage, there

was a possibility that a claim would be made against either the uninsured or underinsured endorsement of the subject policy. Cruz obtained information regarding the limits of Knapp's insurance coverage on June 12, 2013. On March 18, 2015, Cruz served GuideOne with a notice of intent to arbitrate an underinsured motorist claim.

GuideOne commenced this proceeding pursuant to CPLR article 75 to permanently stay the arbitration on the ground, inter alia, that Cruz failed to comply with the condition precedent to coverage of giving notice as soon as reasonably practicable of his underinsured motorist claim. Cruz's only argument in opposition to the petition was that his notice was timely. The Supreme Court denied the petition.

In the context of supplementary underinsured motorist (hereinafter SUM) claims, "it is the claimant's burden to prove timeliness of notice, which is measured by the date the claimant knew or should have known that the tortfeasor was underinsured" (*Matter of Progressive Northeastern Ins. Co. v McBride*, 65 AD3d 632, 633 [2009]; *see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]; *Gilliard v Progressive*, 96 AD3d 718 [2012]). "Timeliness of notice is an elastic concept, the resolution of which is highly dependent on the particular circumstances" (*Matter of Progressive Northeastern Ins. Co. v McBride*, 65 AD3d at 633; *see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d at 494; *Gilliard v Progressive*, 96 AD3d at 719). "In determining whether notice was timely, factors to consider include, inter alia, whether the claimant has offered a reasonable excuse for any delay, such as latency of his/her injuries, and evidence of the claimant's due diligence in attempting to establish the insurance status of the other vehicles involved in the accident" (*Matter of Progressive Northeastern Ins. Co. v McBride*, 65 AD3d at 633; *see Gilliard v Progressive*, 96 AD3d at 719).

Here, contrary to the Supreme Court's determination and Cruz's contention, the letter dated May 23, 2013, did not serve as effective notice of a SUM claim. That letter expressly admitted that Cruz's attorney had not been able "to verify the insurance coverage for the other vehicle involved in the accident" and merely recited that, as a result, a claim "may be made" for SUM benefits. Indeed, the attorney indicated that the claim could be for either uninsured motorist benefits or underinsured motorist benefits. Under these circumstances, any claim for underinsured motorist benefits was premature at that time, since Cruz had no knowledge that the offending vehicle was underinsured (*see Matter of State Farm Mut. Auto. Ins. Co. v*

*Tubis*, 38 AD3d 670 [2007]; *Matter of State Farm Mut. Auto. Ins. Co. v Linero*, 13 AD3d 546, 547 [2004]).

Accordingly, the first effective notice provided by Cruz was sent on March 18, 2015. GuideOne correctly contends that this notice was untimely as a matter of law. The accident occurred on May 2, 2013, and Cruz learned the coverage information from Allstate on June 12, 2013. Cruz, who bears the burden, has not claimed that any of his injuries were latent or offered any other excuse for the delay in notifying GuideOne of his SUM claim. In fact, Cruz did not make any effort to establish the reasonableness of the delay but, rather, relied entirely upon the letter dated May 23, 2013. Under these circumstances, Cruz did not meet his burden of demonstrating the timeliness of his claim for SUM benefits (*see Matter of Liberty Mut. Ins. Co. v Gallagher*, 68 AD3d 772 [2009]).

Since there are no further arguments advanced by Cruz in opposition to the petition, the petition to permanently stay arbitration should have been granted.

In light of our determination, we need not reach GuideOne's remaining contentions. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.