■ In the Matter of UNITED STATES FIRE INSURANCE COMPANY, Appellant, v ROBERT WILLIAMS, Respondent.—In a proceeding pursuant to CPLR article 75, *inter alia,* to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated April 26, 1989, as, without a hearing, denied that branch of its petition which was to permanently stay arbitration.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the petition is granted and the arbitration is permanently stayed.

The respondent Robert Williams, a delivery person with Brooklyn News Company, Inc. (hereinafter Brooklyn News),

was injured in the course of his employment while stacking newspapers and magazines in the back of a truck owned by Brooklyn News and insured under a policy issued by United States Fire Insurance Company (hereinafter US Fire). Williams was alleged to have suffered his injuries when another vehicle hit the truck and knocked him down. He did not obtain the license plate number of the offending vehicle because he did not believe the truck had sustained any damage. Williams reported the accident to his employer but at no time did he report it to the police. Contending that he was the victim of a hit-and-run accident, Williams sought arbitration of his claim under the uninsured motorist endorsement of the policy issued to Brooklyn News. Thereafter, the petitioner US Fire sought a stay of arbitration or a hearing on the grounds that Williams had failed to establish physical contact between the hit-and-run vehicle and the insured vehicle and failed to promptly notify the police of the occurrence as required by the endorsement to the policy issued to Brooklyn News. The Supreme Court denied the application for a stay finding that Williams, as an employee not named as an insured, was not bound by the terms of his employer's policy but, in any event, the issue was one for the arbitrator to resolve. In its decision, the court did not address the issue of physical contact.

We disagree with the Supreme Court and find that evidence of compliance with the notice provision was a requirement preliminary to the arbitration process *(see generally,* 70 NY Jur 2d, Insurance, § 1552). On that basis, and upon review of the record, we are of the opinion that Williams failed to promptly report the accident to the police, as a matter of law *(see, Matter of Aetna Cas. & Sur. Co. v Loy,* 108 AD2d 709; *Matter of Government Employees Ins. Co. v Elman,* 40 AD2d 994). Moreover, as an "insured" within the meaning of Brooklyn News's insurance policy, Williams's rights and obligations thereunder are governed solely by its terms. In any event, were we not permanently staying arbitration for failure to comply with the notice provision, we would hold that, at a minimum, US Fire had met its burden of showing the existence of a threshold issue, namely, whether there was actual physical contact between Williams and the hit-and-run vehicle, and a hearing was, therefore, required *(see, Matter of Insurance Co. v Lyman,* 148 AD2d 456; *see also, Matter of Prudential Prop. & Cas. Ins. Co. v Hobson,* 67 NY2d 19, 21; *Matter of Royal Globe Ins. Co. v Smith,* 79 AD2d 710; *cf., Matter of Mitchell v MVAIC,* 82 AD2d 890). Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.