OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question not answered as unnecessary.
Appellant insured notified his carrier, Allcity Insurance Company (Allcity), that he was making an "uninsured motorist claim” in connection with an automobile accident and was requesting no-fault forms. Some months later, appellant demanded arbitration, classifying the accident as a "hit-and-run”. Allcity promptly petitioned for a permanent stay of arbitration, alleging in part that appellant failed to provide the required notice statement under oath, and thus breached a condition precedent to coverage.
Supreme Court granted the petition and permanently stayed arbitration. The Appellate Division affirmed and granted leave to appeal on a certified question, although the order is final for our jurisdictional purposes.
Appellant’s sole argument is that Allcity was required to issue a timely disclaimer, despite his own conceded failure to submit the required sworn statement. Absent a valid excuse, failure to satisfy an insurance policy notice requirement vitiates coverage (Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436; Matter of Cuzdey [American Motorists Ins. Co.], *1056 45 AD2d 134, affd 37 NY2d 939; Eveready Ins. Co. v Saunders, 149 AD2d 456). However, an insurer who fails to timely disclaim liability or deny coverage "as soon as is reasonably possible,” when required by Insurance Law § 3420 (d), waives its affirmative defense of late notice (Matter of Allstate Ins. Co. [Frank], 44 NY2d 897).
Assuming without deciding that the sworn statement requirement in the uninsured motorist endorsement Allcity issued to appellant was an exclusion from coverage which required issuance of a disclaimer (Zappone v Home Ins. Co., 55 NY2d 131; compare, Matter of Prudential Prop. & Cas. Ins. Co. [Hobson] 67 NY2d 19), we agree with Supreme Court that on the facts of this case Allcity timely disclaimed. The timeliness of an insurer’s disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage (Hartford Ins. Co. v County of Nassau, 46 NY2d 1028). As the Supreme Court held, Allcity had no basis upon which to disclaim when it received appellant’s letter notifying it that he was asserting an "uninsured motorist claim.” As appellant concedes, Allcity had no knowledge that he was asserting a hit-and-run claim until nine months after the accident, when it received the demand for arbitration on that precise basis. Allcity filed a petition for a permanent stay of arbitration 20 days after the demand for arbitration was served, in compliance with CPLR 7503 (c). The petition was sufficient and timely notice of disclaimer as a matter of law under Insurance Law § 3420 (d), assuming a disclaimer was required.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, etc.