■ In the Matter of STATE FARM INSURANCE Co., Respondent, v FAUSTO VELASQUEZ et al., Appellants. [621 NYS2d 357] —In a proceeding pursuant to CPLR article 75, the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated March 10, 1993, which granted the petition to permanently stay arbitration of the appellants' claim for uninsured motorist benefits.

Ordered that the order and judgment is affirmed, with costs.

In August 1991 the appellants' vehicle was involved in an accident with a car which fled the scene. Thereafter, the operator of the vehicle submitted an unsworn and undated

application for no-fault benefits to the petitioner, State Farm Insurance Company (hereinafter State Farm), the insurer of his vehicle. On January 2, 1992, the appellants served a demand for arbitration of their claim for uninsured motorist benefits arising from a hit-and-run accident. By notice of petition dated January 22, 1992, State Farm moved to stay arbitration on the ground that the appellants failed to comply with the terms of the insurance contract. State Farm contended that the appellants had failed to file, within 90 days of the accident, a statement under oath that they had a cause or causes of action arising out of the accident for damages against a person, or persons, whose identity was unascertainable.

The Supreme Court correctly stayed arbitration since the appellants failed to comply with the condition precedent to coverage under the uninsured motorist endorsement of the State Farm policy which required that they file a statement under oath within 90 days of the accident. In addition, contrary to the appellants' contention, the submission of the unsworn and undated application for no-fault benefits may not be deemed to have complied with this condition *(see, State Farm Mut. Auto. Ins. Co. v Romero,* 109 AD2d 786). Nor does the fact that State Farm may have received some notice of the accident by virtue of the undated and unsigned no-fault application "vitiate the breach of the policy requirement" *(Matter of Home Indem. Co. v Messana,* 139 AD2d 513).

Under the circumstances of this case we also find that State Farm's petition to stay arbitration was a "sufficient and timely notice of disclaimer as a matter of law under Insurance Law § 3420 (d), assuming a disclaimer was required" *(Matter of Allcity Ins. Co. [Jiminez],* 78 NY2d 1054, 1056). Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.