■ In the Matter of AMERICAN HOME ASSURANCE COMPANY, Respondent, v GERARD JOSEPH, Appellant. [624 NYS2d 250] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 6, 1993, which granted the petition.

Ordered that the order is affirmed, with costs.

The appellant's contention that the policy provisions regarding sworn notice of a claim for uninsured motorist benefits are ambiguous is raised for the first time on appeal and is therefore unpreserved for appellate review (see, Matter of Liberty Mut. Ins. Co. v Mancuso, 202 AD2d 428, 429). Additionally, even if we were to exercise our interest of justice jurisdiction to reach the issue, there is no basis on which the appellant may support his claim that he gave proper notice, sworn or unsworn, of the hit-and-run accident that underlies his uninsured motorist claim.

Where, as here, an insurance policy contains an ambiguous provision regarding the furnishing of notice of a claim, a failure to file a sworn statement of the hit-and-run claim within 90-days after the accident does not necessarily vitiate coverage when the carrier otherwise receives adequate notice of the claim (see, Matter of Eveready Ins. Co. v Ruiz, 208 AD2d 923). Ruiz is inapplicable here considering that the police report relative to the accident at bar was not forwarded to the carrier until February 4, 1993, which was more than six months—and well beyond the 90-day period—following the August 16, 1992, accident. The appellant's claim that he had furnished other written notice to the carrier is undocumented in the record before us. Accordingly, we affirm the order permanently staying arbitration. Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.