■ In the Matter of AETNA LIFE & CASUALTY, Respondent, v IBETTE OCASIO, Appellant. [648 NYS2d 159] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (Kingston, J.), entered December 6, 1995, which granted the petition.

Ordered that the order is affirmed, with costs.

The appellant was injured when the vehicle in which she was riding as a passenger was struck by a vehicle which subsequently fled the scene. The identity of the "hit and run" vehicle was never ascertained. Soon after the accident, the appellant's attorneys notified Aetna Life & Casualty (hereinafter Aetna) that the appellant was making a "claim for benefits under the un/underinsured motorist provisions of the insured's police * * * resulting from a hit and run accident". Thereafter Aetna advised that the appellant was required to submit various documentation including "a statement of claim." In fact, the policy required that the appellant submit, within 90 days after the date of the accident, a "statement under oath * * * setting forth the facts in support [of the claim for benefits arising from a hit and run accident]". The appellant never submitted any such statement under oath or otherwise.

The requirement that a claimant file a sworn statement with the insurer within 90 days after the accident is a condition precedent to coverage under the uninsured "hit and run" motorist endorsement of the subject automobile policy. The appellant's failure to file such a statement is therefore fatal to her claim for benefits thereunder. The fact that Aetna received some notice of the accident does not vitiate the breach of this policy requirement (see, Matter of State Farm Ins. Co. v Velasquez, 211 AD2d 636; Matter of Aetna Cas. & Sur. Co. v Purvis, 198 AD2d 502; Matter of Wausau Ins. Co. v Bartz, 197 AD2d 627; Matter of Home Indem. Co. v Messana, 139 AD2d 513).

Contrary to the appellant's contention on appeal, Aetna was not required to disclaim coverage pursuant to Insurance Law § 3420 (d) since, under the terms of the policy, the failure to file the 90-day statement resulted in noncoverage as opposed to rendering her claim excluded from coverage (see, Massachusetts Bay Ins. Co. v National Sur. Corp., 215 AD2d 456; Greater N. Y. Mut. Ins. Co. v Clark, 205 AD2d 857). Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.