■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v CHRISTINE NAPOLITANO, Respondent. [648 NYS2d 978] —In a proceeding pursuant to CPLR 7503 to stay arbitration, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated January 3, 1996, as denied its application to stay arbitration.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the petition to permanently stay arbitration is granted.

The respondent was allegedly injured in a motor vehicle accident involving a vehicle owned by persons insured by the petitioner. The subject insurance policy required, *inter alia,* that "the insured or someone acting on his behalf" report the accident within 24 hours or as soon as reasonably possible to a "police, peace or judicial officer or to the Commissioner of Motor Vehicles." The respondent failed to do so, and further failed to file with the petitioner within 90 days thereafter a statement under oath indicating that she had a cause of action arising out of the accident. The failure of the respondent to comply with these requirements in the absence of a valid excuse vitiates coverage (*see, Matter of Allcity Ins. Co. [Jimenez],* 78 NY2d 1054).

Moreover, contrary to the respondent's contentions, the record indicates that the petitioner disclaimed coverage in a timely manner upon first learning of the grounds for such disclaimer (*see, Matter of Allstate Ins. Co. [Frank],* 44 NY2d 897). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.