■ In the Matter of AMERICAN CASUALTY INSURANCE COMPANY, Respondent, v JAMES SILVERMAN, Appellant. [705 NYS2d 676] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for underinsured motorist benefits, the appeal is from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 18, 1999, which granted the application.

Ordered that the order is affirmed, with costs.

The relevant provision of the insurance policy required that the appellant give notice of the claim to the petitioner "as soon as practicable". Therefore, the appellant was required to give notice "within a reasonable time under all the circumstances" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441; *see, Matter of Nationwide Mut. Ins. Co. [Oglesby]*, 219 AD2d 771). "Absent a valid excuse, failure to satisfy the notice requirement of an insurance policy vitiates insurance coverage" (*Matter of Travelers Ins. Co. v Littleton*, 218 AD2d 661, 662). The appellant provided notice of a possible underinsurance claim more than 18 months after the accident and failed to demonstrate that he acted with due diligence in ascertaining the insurance status of the offending vehicles (*see, Matter of State Farm Mut. Auto. Ins. Co. v Adams*, 259 AD2d 551; *cf., Matter of Nationwide Mut. Ins. Co. v Edgerson*, 195 AD2d 560, 561).

The timeliness of an insurer's disclaimer is measured from the point in time when it first learns of the ground for denial of coverage (*see, Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028). Under the circumstances of this case, the petition to stay arbitration was a timely notice of disclaimer under Insurance Law § 3420 (*see, State Farm Ins. Co. v Velasquez*, 211 AD2d 636). Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.