■ In the Matter of LEGION INSURANCE COMPANY, Respondent, v JOSE ESTEVEZ, Appellant. [721 NYS2d 273] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (Adams, J.), dated November 16, 1999, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly granted the petition of Legion Insurance Company (hereinafter Legion) for a permanent stay of arbitration on the ground that the appellant failed, within 90 days of the accident, to file a statement under oath that he has a cause of action arising out of an accident with a "hit-and-run vehicle," a condition precedent to coverage under the uninsured motorists endorsement of the insurance policy. Contrary to the appellant's contention, the unsworn and undated application for no-fault benefits did not constitute such a statement and the failure to comply with the above requirement vitiated coverage (*see, Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054; *Matter of Interboro Mut. Indem. Ins. Co. v Napolitano*, 232 AD2d 561; *Matter of State Farm Ins. Co. v Velasquez*, 211 AD2d 636; *Matter of Eveready Ins. Co. v Ruiz*, 208 AD2d 923; *State Farm Mut. Auto. Ins. Co. v Romero*, 109 AD2d 786).

Moreover, contrary to the appellant's contention, Legion timely disclaimed coverage upon first learning of the grounds for such disclaimer (*see, Matter of Allcity Ins. Co. [Jimenez]*, supra; *Matter of Interboro Mut. Indem. Ins. Co. v Napolitano, supra; Matter of State Farm Ins. Co. v Velasquez, supra*). Ritter, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.

■ In the Matter of ROBERT McCUE, Respondent. ROSALINA C., Appellant. [721 NYS2d 262] —In a proceeding pursuant to Mental Hygiene Law § 9.60 to authorize assisted outpatient treatment, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Cutrona, J.), dated May 5, 2000, which granted the petition.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The order and judgment authorizing assisted outpatient treatment for a period of 180 days expired in November 2000, without a timely application for an extension having been made (*see,* Mental Hygiene Law § 9.60 [k]). Accordingly, the instant appeal is now academic and does not fall within an exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715; *Matter of David C.*, 69 NY2d 796, 798). Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.