■ In the Matter of TRAVELERS PROPERTY CASUALTY CORP., Appellant, v JANICE LEE et al., Respondents. [724 NYS2d 903] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered August 4, 2000, as denied the petition.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

While the Supreme Court properly rejected the petitioner's objection that the demand for arbitration was untimely under the Statute of Limitations (*see,* CPLR 7502 [b]; *cf., Matter of Weight Watchers Intl. v Mark,* 263 AD2d 491), the petitioner also raised the objection that written notice of the claim was not made "as soon as practicable" as required by the supplementary uninsured motorist endorsement. Neither the respondents nor the Supreme Court addressed this objection. The respondents, however, were obligated "to demonstrate that [they] acted with due diligence" (*Matter of Eagle Ins. Co. v Bernardine,* 266 AD2d 543, 544). Accordingly, the petition for a permanent stay of arbitration should have been granted.

O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.