■ In the Matter of CONTINENTAL INSURANCE COMPANY, Respondent, v RAYMOND BOYAR, Appellant. COUNTRY-WIDE INSURANCE Co. et al., Proposed Additional Respondents. [725 NYS2d 564] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Raymond Boyar appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated May 22, 2000, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The relevant provision of the subject insurance policy required the appellant to give written notice of an uninsured motorist claim to the petitioner "[a]s soon as practicable," from the date he knew or should have known that the tortfeasor was uninsured (see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, 93 NY2d 487). The appellant sustained his burden of demonstrating that he acted with due diligence in ascertaining the insurance status of the vehicles involved in the accident, and in providing timely notice to the petitioner (see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra; Nationwide Mut. Ins. Co. v Edgerson, 195 AD2d 560, 561). Accordingly, the Supreme Court erred in granting the petition to permanently stay the arbitration of the appellant's uninsured motorist claim.

It is unnecessary to reach the appellant's remaining contention in light of our determination. Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.