■ Otto Schlesinger et al., Respondents, v Nationwide Mutual Insurance Company, Appellant. [742 NYS2d 352] —In an action, inter alia, to recover damages for breach of an insurance contract, the defendant appeals from an order of the Supreme Court, Kings County (Gigante, J.), dated March 27, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On March 15, 1998, the plaintiff Otto Schlesinger was involved in an automobile accident in Brooklyn with a van owned by a New Jersey resident, Carolyn Joyner. The police accident report included insurance code "003" for the Joyner van and an insurance policy number. On January 8, 1999, Schlesinger commenced a personal injury action against Joyner and the driver of the van. The process server was unable to locate either party at the address provided on the police accident report.

By notice dated January 14, 1999, Schlesinger made a claim for uninsured motorist benefits under his insurance policy with Nationwide Mutual Insurance Company (hereinafter Nationwide). Nationwide disclaimed coverage on the ground that Schlesinger failed to give notice of his claim "[a]s soon as practicable." A subsequent investigation by Schlesinger's attorney revealed that the Joyner van was uninsured at the time of the accident. Schlesinger and his wife then commenced this

action, seeking, inter alia, to recover damages for breach of the insurance contract. Nationwide moved to dismiss the complaint on the ground that Schlesinger failed to provide timely notice of his claim as required under the terms of the policy.

Schlesinger was required to provide notice of his claim for uninsured motorist benefits as soon as practicable after he knew or should have known that the Joyner van was uninsured (*see Matter of Continental Ins. Co. v Boyar,* 284 AD2d 332; *Matter of Eagle Ins. Co. v Bernardine,* 266 AD2d 543; *see also Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495). Thus, he was required to demonstrate that he acted with due diligence in ascertaining the insurance status of the Joyner van or to provide a reasonable excuse for his delay in ascertaining its insurance status (*see Matter of Eagle Ins. Co. v Bernardine, supra* at 544; *Matter of Travelers Prop. Cas. Corp. v Lee,* 283 AD2d 583).

The Supreme Court properly determined that Schlesinger provided Nationwide with notice of his claim as soon as practicable. Schlesinger was entitled to rely on the insurance code and policy number provided for the Joyner van in the police report as presumptive proof that the vehicle was insured (*cf. Matter of Nationwide Ins. Co. v Sillman,* 266 AD2d 551, 552; *Matter of Centennial Ins. Co. v Capehart,* 220 AD2d 499). Although Nationwide contends that Schlesinger should have contacted New Jersey Motor Vehicle Services at an earlier date to verify Joyner's insurance coverage, the vehicle registration documents which were provided by that agency in April 1999 in response to a request from Schlesinger's attorney indicated that the Joyner van was insured when registered in March 1997. The record establishes that Schlesinger promptly notified Nationwide of his claim upon learning that Joyner could not be located and that the Joyner van might not have insurance coverage. Accordingly, the Supreme Court properly denied Nationwide's motion for summary judgment. O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.