■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Respondent, v KENDALL BROWN, Appellant. [753 NYS2d 102] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Queens County (Thomas, J.), dated October 11, 2001, which, after a hearing, granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with costs.

On February 15, 2000, the appellant allegedly was injured when he was struck by a hit-and-run vehicle while exiting his own vehicle. He filed a written notice of claim with the petitioner, his insurer, on or about June 20, 2000. By letter dated June 29, 2000, the petitioner disclaimed coverage on the ground that, inter alia, the appellant failed to file written notice of his uninsured motorist claim as soon as practicable. The appellant subsequently served a demand for arbitration and the petitioner commenced this proceeding to permanently stay the arbitration. After a hearing, the Supreme Court granted the petition, concluding that the appellant failed to establish his involvement in an accident with a hit-and-run vehicle. We affirm, but on different grounds.

Where an insured is required to provide notice as soon as practicable, such notice must be given within a reasonable time under all the circumstances (*see Sayed v Macari,* 296 AD2d 396). Under the circumstances of this case, the more than four-month delay in providing notice of the appellant's uninsured motorist claim was not reasonable (*see Sayed v Macari, supra* [almost three-month delay unreasonable]; *Ciaramella v State Farm Ins. Co.,* 273 AD2d 831, 832; *Losi v Hanover Ins. Co.,* 139 AD2d 702, 704).

The appellant's remaining contentions are without merit or need not be addressed in light of our determination. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.