■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v KERRY BROWN, Respondent. [765 NYS2d 273] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 20, 2002, which denied the petition and dismissed the proceeding, and (2) an order of the same court dated December 11, 2002, which denied its motion for leave to reargue or renew the prior motion.

Ordered that the order entered September 20, 2002, is reversed, on the law, without costs or disbursements, the petition is granted, and arbitration is permanently stayed; and it is further,

Ordered that the appeal from so much of the order dated December 11, 2002, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying leave to reargue, and the appeal from so much of the order dated December 11, 2002, as denied that branch of the motion which was for leave to renew is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated September 20, 2002.

Contrary to the Supreme Court's determination, the petitioner established that it properly commenced this proceeding to stay arbitration by filing the petition with the Clerk of the Supreme Court and purchasing an index number (*see* CPLR 304). Moreover, since the petitioner made an unopposed showing that the respondent failed, among other things, to report the alleged hit-and-run accident to the police within 24 hours, and failed to notify the petitioner of the uninsured motorist claim as soon as practicable, the petition for a permanent stay of arbitration should have been granted (*see Matter of Interboro Mut. Indem. Ins. Co. v Brown,* 300 AD2d 660 [2002]; *Matter of Government Empls. Ins. Co. v Snell,* 286 AD2d 682 [2001]; *State Farm Mut. Ins. Co. v Genao,* 210 AD2d 340 [1994]; *Matter of United States Fire Ins. Co. v Williams,* 166 AD2d 538 [1990]). Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.