In the Matter of CONTINENTAL INSURANCE COMPANY, Respondent, v GENEVIEVE MARSHALL, Appellant. [784 NYS2d 608]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, Genevieve Marshall appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered September 26, 2003, which granted the petition.

Ordered that the judgment is affirmed, with costs.

Where, as here, the insured is required to provide notice of an underinsurance claim "[a]s soon as practicable" (11 NYCRR 60-2.3 [f], condition 2), the triggering event is when the insured "knew or should reasonably have known" that the motorist involved in the accident was underinsured (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495 [1999]; *see Matter of Nationwide Mut. Ins. Co. v DiGregorio,* 294 AD2d 579, 580 [2002]; *Schlesinger v Nationwide Mut. Ins. Co.,* 294 AD2d 421, 422 [2002]; *Matter of Continental Ins. Co. v Boyar,* 284 AD2d 332 [2001]), and notice must be given thereafter within "a reasonable time under all the circumstances" (*Matter of Interboro Mut. Indem. Ins. Co. v Brown,* 300 AD2d 660 [2002]; *see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra* at 494).

The insured, the appellant, failed to ascertain the insurance status of the alleged tortfeasor and to notify her carrier, the respondent, of her underinsurance claim until approximately 22 months after the accident, and more than one year after first being diagnosed with, inter alia, multiple disc herniations and a pinched nerve. Under these circumstances, the timeliness of her underinsurance claim notice was "unreasonable as a matter of law" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra* at 497; *see also Matter of Nationwide Mut. Ins. Co. v DiGregorio, supra*), and her failure to give timely notice vitiated

coverage and warranted a permanent stay of arbitration (*see e.g. Matter of State Farm Mut. Auto. Ins. Co. v Mears,* 7 AD3d 533 [2004]; *Matter of State Farm Mut. Auto. Ins. Co. v Bombace,* 5 AD3d 782 [2004]; *Matter of Eagle Ins. Co. v Garcia,* 280 AD2d 476, 477 [2001]; Matter of *Nationwide Ins. Co. v Bietsch,* 224 AD2d 623, 623-624 [1996]).

The parties' remaining contentions are without merit. Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.