■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v JACQUELINE LINERO, Respondent. VICKRAJ RAMNAUTH et al., Proposed Additional Respondents. [786 NYS2d 580]—

In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (Hart, J.), dated May 22, 2003, which, inter alia, denied the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 16, 2001, Jacqueline Linero was a passenger in a vehicle owned by Leo Tejtelbaum and insured by the petitioner which was involved in a two-car collision with a vehicle owned by Vickraj Ramnauth and allegedly insured by Lancer Insurance Company (hereinafter Lancer). Linero allegedly was injured as a result.

Linero obtained the assistance of an attorney immediately after the accident, and her attorney promptly began an investigation of the possibility of insurance coverage for the offending vehicle. Linero asserted that two letters were sent to the petitioner on March 29, 2001, one specifically providing notice of her uninsured/underinsured claim under the petitioner's policy (hereinafter the SUM claim) and the other providing notice of her personal injury claim. The petitioner's receipt of the SUM claim letter of March 29, 2001 (but not the second March 29, 2001 letter), is disputed. Whether received or not, these letters predated Lancer's notification on July 3, 2002, disclaiming coverage for the Ramnauth vehicle. Consequently, the letters dated March 29, 2001, were premature as Linero had no knowledge that the offending vehicle was uninsured (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]; *Matter of American Cas. Ins. Co. v Silverman*, 271 AD2d 528, 529 [2000]).

Lancer's disclaimer letter, based on cancellation of coverage prior to the accident, was issued on July 3, 2002. Linero's counsel promptly requested that Lancer supply a copy of its cancellation notice with proof of service on its insured. When this was not forthcoming, Linero's counsel sent two facsimiles to the petitioner in August 2002 referring to Linero's "UM claim." On September 18, 2002, Linero's counsel again wrote to the petitioner referring, inter alia, to Lancer's disclaimer letter and to the attorney's prior communications to the petitioner, including the SUM claim letter of March 29, 2001. On September 23, 2002, the petitioner disclaimed coverage upon the asserted ground that it did not receive notice "[a]s soon as practicable."

Linero then demanded arbitration under the SUM endorsement of Tejtelbaum's policy of insurance with the petitioner by demand dated October 16, 2002. This proceeding to stay arbitration ensued.

The Supreme Court correctly determined that notice was given "as soon as practicable under the circumstances." Linero's recourse against the petitioner did not become viable until she learned of Lancer's disclaimer via the July 3, 2002, letter. Whether Linero provided notice to the petitioner "as soon as practicable" must be considered prospectively from that date (*Matter of American Cas. Ins. Co. v Silverman, supra*). Linero's actions subsequent to July 3, 2002, provided the requisite notice in a sufficient fashion. The letters sent via facsimile to the petitioner from Linero's counsel in August 2002 and the additional September 18, 2002, letter to the petitioner contained sufficient information to satisfy the "as soon as practicable" requirement of the SUM endorsement of the petitioner's policy.

In contrast to *Matter of Eagle Ins. Co. v Bernardine* (266 AD2d 543 [1999]), Linero demonstrated that she acted with due diligence (*cf. Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra* at 494-495, 497) by investigating and pursuing the prospect of insurance with Lancer almost immediately after the accident and continuing until that potential source of recovery was exhausted as indicated by Lancer's July 3, 2002 disclaimer. Linero then promptly notified the petitioner of its SUM claim—twice in August 2002, and again in September 2002, delayed only by the erroneous assumption that the notice afforded prior to the disclaimer was legally sufficient.

The petitioner's remaining contentions are without merit. Smith, J.P., Adams, Crane and Lifson, JJ., concur.