■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ESTATE OF ABDUL AZIZ, Deceased, et al., Respondents. [793 NYS2d 138]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lodato, J.H.O.), dated May 18, 2004, as denied the petition.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the petition is granted.

The respondents allegedly were injured when the vehicle in which they were passengers collided with another vehicle, and was then struck in the rear by a third vehicle. The third vehicle fled the scene, and the identity of its owner and operator has never been ascertained. At the time of the accident, the vehicle the respondents were traveling in was insured by the petitioner, Allstate Insurance Company (hereinafter Allstate). Shortly after the accident, the respondents' attorney notified Allstate that the respondents were making a claim for uninsured/ underinsured motorist benefits under the policy it had issued to its insured. However, neither this claim letter, nor the "Notice of Intention to Make Claim" forms and applications for no-fault benefits which the respondents submitted to Allstate, indicated that an unidentified or hit-and-run vehicle was involved in the accident. The respondents subsequently demanded arbitration of their claim for uninsured motorist benefits arising from a hit-and-run accident, and Allstate commenced this proceeding

to permanently stay arbitration. In its petition, Allstate alleged that the respondents failed to comply with a policy provision that required a claimant to file a statement under oath, within 90 days after the accident, that he or she has a cause of action arising out of an accident with a hit-and-run vehicle. In opposition to the petition, the respondents argued that the notice provisions of Allstate's policy were ambiguous because another section of its uninsured motorist endorsement required a claimant to furnish sworn proof of claim "after written request' by Allstate. The Supreme Court denied Allstate's application for a permanent stay, and we now reverse.

The requirement that a claimant file a sworn statement that he or she has a cause of action arising out of an accident with a hit-and-run vehicle, within 90 days after the accident, is a condition precedent to coverage under an uninsured motorist endorsement (*see Matter of Empire Ins. Co. v Dorsainvil*, 5 AD3d 480 [2004]; *Matter of Legion Ins. Co. v Estevez*, 281 AD2d 420 [2001]; *Matter of Aetna Life & Cas. v Ocasio*, 232 AD2d 409 [1996]; *Matter of State Farm Ins. Co. v Velasquez*, 211 AD2d 636 [1995]). Absent a valid excuse, the failure to comply with this condition precedent vitiates coverage (*see Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054 [1991]; *Matter of Empire Ins. Co. v Dorsainvil, supra*; *Matter of Interboro Indem. Mut. Ins. Co. v Napolitano*, 232 AD2d 561 [1996]; *Matter of Travelers Indem. Co. [Madera]*, 189 AD2d 570 [1993]). However, we have also recognized that where, as here, an uninsured motorist endorsement contains ambiguous notice of claim provisions, "a failure to file a sworn statement of the hit-and-run claim . . . does not necessarily vitiate coverage when the carrier otherwise receives adequate notice of the claim" within the requisite 90-day period (*Matter of American Home Assur. Co. v Joseph*, 213 AD2d 633, 634 [1995]; *see also Matter of Eveready Ins. Co. v Farrell*, 304 AD2d 830 [2003]; *Matter of Eveready Ins. Co. v Ruiz*, 208 AD2d 923 [1994]). Here, neither the respondents' claim letter, applications for no-fault benefits, nor "Notice of Intention to Make Claim" forms provided Allstate with any notice that a hit-and-run vehicle had been involved in the accident. Under these circumstances, the respondents failed to provide Allstate with adequate notice of their claim. Thus, the petition for a permanent stay of arbitration should have been granted (*see Matter of American Home Assur. Co. v Joseph, supra*). Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.