■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v MARIN MESIC, Respondent. [831 NYS2d 426]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from a judgment of the Supreme Court, Queens County (Rios, J.), entered July 20, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the petition to permanently stay arbitration is granted.

The respondent's failure to file a sworn statement with the petitioner after the alleged hit-and-run accident in accordance with the condition precedent of the supplemental uninsured motorist endorsement of his insurance policy, vitiated coverage (see Matter of Empire Ins. Co. v Dorsainvil, 5 AD3d 480, 481 [2004]; Matter of Legion Ins. Co. v Estevez, 281 AD2d 420 [2001]; Matter of Aetna Life & Cas. v Ocasio, 232 AD2d 409 [1996]; Matter of State Farm Ins. Co. v Velasquez, 211 AD2d 636, 637

[1995]). Contrary to the respondent's contentions, the policy language which mirrors the prescribed endorsement of 11 NYCRR 60-2.3 (f) is not ambiguous. Moreover, the fact that the petitioner received some notice of the accident by way of an application for no-fault benefits did not negate the breach of the policy requirement (*see Matter of Allstate Ins. Co. v Estate of Aziz*, 17 AD3d 460, 461 [2005]; *Matter of American Home Assur. Co. v Joseph*, 213 AD2d 633 [1995]). Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.