■ In the Matter of ASSURANCE COMPANY OF AMERICA, Respondent, v FRED DELGROSSO, Appellant. [831 NYS2d 545]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the appeal is from an order of the Supreme Court, Rockland County (Smith, J.), entered October 27, 2005, which granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

The supplementary uninsured/underinsured motorists endorsement (hereinafter the SUM endorsement) of the insurance policy (hereinafter the policy) issued by the petitioner, Assurance Company of America (hereinafter the insurer), to the appellant, Fred Delgrosso (hereinafter the insured), required the insured to provide the insurer a notice of claim under the SUM endorsement "[a]s soon as practicable." "In interpreting [that] phrase . . . in the underinsurance context. . . the insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495 [1999]; *see Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468, 474 [2005]; *Matter of Continental Ins. Co. v Marshall*, 12 AD3d 508 [2004]; *Matter of Interboro Mut. Indem. Ins. Co. v Brown*, 300 AD2d 660 [2002]; *Matter of Nationwide Mut. Ins. Co. v DiGregorio*, 294 AD2d 579, 580 [2002]).

At bar, the insured failed to submit any notice of claim for two years and two months after the accident, one year and three months after he commenced a personal injury action seeking 10 million dollars in damages, and 11 months after he knew the limits of the policy of Luis Alvarado, one of the tortfeasors. Therefore, since the insured knew or should reasonably have known that Alvarado was underinsured 11 months before filing the notice of claim under the SUM endorsement, his notice of claim was untimely (*see Rekemeyer v State Farm Mut. Auto. Ins. Co., supra; Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, supra* at 496-497). Moreover, since the insurer did not rely on the late notice of legal action defense (*see e.g. Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491, 498 [2002]), but rather, it relied on a late notice under a SUM endorsement where the insured did not previously give any notice of the accident (*cf. Rekemeyer v State Farm Mut. Auto. Ins. Co., supra* at 476), there was no requirement for the insurer to demonstrate prejudice.

Accordingly, under these circumstances, the Supreme Court properly granted the petition and permanently stayed arbitration.

The insured's remaining contention is without merit. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.