In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v WILLIAM TUBIS et al., Respondents. [831 NYS2d 520]—

In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Queens County (Rios, J.), dated May 30, 2006, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs payable by the respondent William Tubis, the petition is granted, and the arbitration is permanently stayed.

In December 1997 the respondent William Tubis allegedly

sustained injuries in an automobile accident with a vehicle insured by Legion Insurance Company (hereinafter Legion). On March 12, 1998 Tubis applied for no-fault benefits under his own insurance policy with the petitioner State Farm Mutual Automobile Insurance Company (hereinafter State Farm). He simultaneously requested uninsured/underinsured motorist benefits from State Farm, although any claim for uninsured motorist benefits was premature at that time since Tubis had no knowledge that the offending vehicle was uninsured (*see Matter of State Farm Mut. Auto. Ins. Co. v Linero*, 13 AD3d 546 [2004]).

Tubis thereafter commenced a personal injury action against Legion's insured. However, by orders dated June 26, 2003 and July 25, 2003, the Commonwealth Court of the Commonwealth of Pennsylvania declared Legion insolvent, and appointed the Insurance Commissioner of the Commonwealth of Pennsylvania as Legion's liquidator and receiver (*see Koken v Legion Ins. Co.*, 831 A2d 1196 [Pa 2003], *affd sub nom. Koken v Villanova Ins. Co.*, 583 Pa 400, 878 A2d 51 [2005]). By order dated August 22, 2003, the Supreme Court, New York County, placed Legion in liquidation in the state of New York and stayed all legal proceedings with respect to it.

On May 12, 2004 Tubis mailed State Farm a demand for arbitration of an uninsured motorist claim arising out of the 1997 accident, but the demand did not mention or refer to Legion's liquidation. On June 15, 2004 State Farm commenced this proceeding to stay the arbitration, contending that the claim was time-barred because more than six years had elapsed since both the date of the accident and Tubis's March 1998 claim for uninsured motorist benefits. In opposition, Tubis contended that his claim for uninsured motorist benefits was not untimely, since it actually did not accrue until July 2003, when Legion went into receivership in Pennsylvania, and the offending vehicle consequently became uninsured. In reply, State Farm asserted that it first became aware of the insolvency and liquidation of Legion from the papers submitted by Tubis in opposition to its petition, and disclaimed coverage on the ground that notice of the uninsured motorist claim based on Legion's insolvency was not provided ''[a]s soon as practicable'' as required by the policy of insurance. State Farm subsequently was granted leave to supplement the petition to include, inter alia, the late notice as an additional basis for denial of the claim.

Following a framed-issue hearing, the Supreme Court denied the petition and dismissed the proceeding, finding that State Farm failed to timely disclaim on the ground that notice of the

claim was not given "as soon as practicable," since State Farm did not raise the issue of late notice by Tubis until it submitted its supplemental petition. We reverse.

Tubis clearly became aware of Legion's insolvency, and of his corresponding right to submit a claim for uninsured motorist benefits in mid-to-late 2003, when orders were entered declaring Legion insolvent and appointing a receiver with respect to it. However, Tubis did not assert such a claim and a demand for arbitration until May 12, 2004. Tubis failed to comply with his obligation under the policy to provide notice of the claim "as soon as practicable," his delay was substantial, and his demand for arbitration was untimely as a matter of law (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d 742 [2005]; *Rekemeyer v State Farm Mut. Auto. Ins. Co.,* 4 NY3d 468 [2005]; *Matter of Hartford Ins. Co. of Midwest v Gamiel,* 34 AD3d 244 [2006]; *Matter of Interboro Mut. Indem. Ins. Co. v Brown,* 300 AD2d 660 [2002]). Furthermore, State Farm was not made aware of Legion's insolvency as the basis for the uninsured motorist benefits claim until Tubis filed papers in opposition to State Farm's petition to stay arbitration. State Farm submitted reply papers promptly thereafter, which unequivocally disclaimed coverage on the ground that Tubis failed to provide timely notice under the policy, thereby satisfying its statutory obligation to timely disclaim (*see* Insurance Law § 3420 [d]; *Matter of Allcity Ins. Co. [Jimenez],* 78 NY2d 1054 [1991]; *Matter of New York Cent. Mut. Fire Ins. Co. v Gonzalez,* 34 AD3d 816 [2006]; *Matter of American Cas. Ins. Co. v Silverman,* 271 AD2d 528 [2000]; *Matter of State Farm Ins. Co. v Velasquez,* 211 AD2d 636 [1995]; *Matter of Aetna Cas. & Sur. Co. v Scirica,* 170 AD2d 448 [1991]). Accordingly, the Supreme Court erroneously concluded that State Farm failed to timely disclaim, and the petition to stay arbitration should have been granted. Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.