■ In the Matter of HANOVER INSURANCE COMPANY, Appellant, v LUCILLE ETIENNE et al., Respondents. [848 NYS2d 312]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Held, J.), dated June 26, 2007, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition to permanently stay the arbitration is granted.

The Supreme Court erred in denying the petition for a permanent stay of arbitration since the respondents failed to file a sworn statement with the petitioner insurance company within 90 days of the alleged hit-and-run accident, in accordance with the requirement of the uninsured motorist endorsement of the subject insurance policy. The respondents thus failed to satisfy a condition precedent of coverage under the policy, and are not entitled to arbitrate their claim seeking coverage (*see Matter of Eveready Ins. Co. v Mesic*, 37 AD3d 602 [2007]; *Matter of Empire Ins. Co. v Dorsainvil*, 5 AD3d 480, 481 [2004]; *Matter of Legion Ins. Co. v Estevez*, 281 AD2d 420 [2001]; *Matter of Aetna Life & Cas. v Ocasio*, 232 AD2d 409 [1996]; *Matter of State Farm Ins. Co. v Velasquez*, 211 AD2d 636, 637 [1995]). "Moreover, the fact that the petitioner received some notice of the accident by way of an application for no-fault benefits did not negate the breach of the policy requirement" (*Matter of Eveready Ins. Co. v Mesic*, 37 AD3d at 603; *see Matter of Allstate Ins. Co. v Estate of Aziz*, 17 AD3d 460, 461 [2005]; *Matter of American Home Assur. Co. v Joseph*, 213 AD2d 633 [1995]).

The petitioner's remaining contention need not be addressed in light of our determination. Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.