In a proceeding pursuant to CFLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Speziale, Ct. Atty. Ref.), entered March 7, 2012, which, after a hearing, denied the petition.
Ordered that the order is reversed, on the law, with costs, and the petition to permanently stay arbitration is granted.
*827 On June 29, 2010, Richard Bartlett allegedly was injured when the vehicle he was operating in Manhattan was struck by another vehicle that fled the scene. On October 1, 2010, Bartlett sought uninsured motorist benefits under a policy of insurance issued by the petitioner. In a letter dated November 3, 2010, the petitioner disclaimed coverage on the ground that Bartlett, in violation of the supplementary uninsured motorist provision of the policy, failed to report the accident to the police or to the Commissioner of Motor Vehicles. In early December 2010, Bartlett made a demand for arbitration of his claim for uninsured motorist benefits. Thereafter, the petitioner commenced this proceeding to permanently stay arbitration of Bartlett’s claim. The Supreme Court, after conducting a framed-issue hearing, denied the petition.
It is undisputed that Bartlett failed to report the alleged hit- and-run accident to the police or to the Commissioner of Motor Vehicles within 24 hours of the accident or as soon as reasonably possible thereafter, as required under the policy. Contrary to the Supreme Court’s determination, the petitioner disclaimed coverage in a timely manner (see Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054, 1056 [1991]; Hermitage Ins. Co. v Arm-ing, Inc., 46 AD3d 620, 621 [2007]; Matter of Interboro Mut. Indem. Ins. Co. v Napolitano, 232 AD2d 561, 562 [1996]). Accordingly, the Supreme Court should have granted the petition to permanently stay arbitration of Bartlett’s claim for uninsured motorist benefits (see Matter of Government Empls. Ins. Co. v Baik, 94 AD3d 888, 889 [2012]; Matter of Eagle Ins. Co. v Brown, 309 AD2d 749, 750 [2003]; Matter of Government Empls. Ins. Co. v Snell, 286 AD2d 682, 683 [2001]; Matter of Interboro Mut. Indem. Ins. Co. v Napolitano, 232 AD2d at 562; Matter of State Farm Mut. Ins. Co. v Genao, 210 AD2d 340 [1994]). Rivera, J.R, Dillon, Chambers and Hinds-Radix, JJ., concur.