Matter of Ameriprise Ins. Co. v Katouchis (2018 NY Slip Op 07118)





Matter of Ameriprise Ins. Co. v Katouchis


2018 NY Slip Op 07118


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-13165
 (Index No. 604372/16)

[*1]In the Matter of Ameriprise Insurance Company, respondent, 
v
John Katouchis, appellant.


Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Joseph L. Decolator of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP, Melville, NY (Nathan Shapiro of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured/uninsured motorist benefits, the appeal is from a judgment of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered November 14, 2016. The judgment, upon an order of the same court entered October 19, 2016, inter alia, granting the petition, permanently stayed arbitration.
ORDERED that the judgment is affirmed, with costs
The appellant's failure to provide Ameriprise Insurance Company (hereinafter Ameriprise) with written notice of his claim for underinsured/uninsured motorist benefits until four years after the alleged hit-and-run accident (see Matter of New York Cent. Mut. Fire Ins. Co. v Vento, 63 AD3d 841, 842-843; St. James Mech., Inc. v Royal & Sunalliance, 44 AD3d 1030, 1031), as well as his failure to file a sworn statement after the accident in accordance with the conditions precedent of the supplemental uninsured motorist endorsement of the insurance policy, vitiated coverage (see Matter of Eveready Ins. Co. v Mesic, 37 AD3d 602, 602; Matter of Empire Ins. Co. v Dorsainvil, 5 AD3d 480, 481). Contrary to the appellant's contention, the policy language that mirrors the prescribed endorsement of 11 NYCRR 60-2.3(f) is not ambiguous (see Matter of Eveready Ins. Co. v Mesic, 37 AD3d at 603).
Contrary to the appellant's further contention, Ameriprise provided a written disclaimer of coverage "as soon as . . . reasonably possible," having disclaimed coverage within 2½ weeks after receiving notice of the claim (Insurance Law § 3420[d][2]; see Magistro v Buttered Bagel, Inc., 79 AD3d 822, 824). Moreover, Ameriprise demonstrated that it was prejudiced by the appellant's four-year delay in providing notice of his claim (see Insurance Law § 3420[c][2][C]).
The appellant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the petition and permanently staying arbitration.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court