Matter of Country-Wide Ins. Co. v Chaudry (2019 NY Slip Op 02867)





Matter of Country-Wide Ins. Co. v Chaudry


2019 NY Slip Op 02867


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-10471
 (Index No. 608051/16)

[*1]In the Matter of Country-Wide Insurance Company, appellant, 
v
Javed Chaudry, respondent-respondent, et al., respondents.


Jaffe & Koumourdas, LLP, New York, NY (Jean H. Kang of counsel), for appellant.
Henry Stanziale, Mineola, NY (Thomas J. Stanziale of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered September 22, 2017. The order, after a framed-issue hearing, denied that branch of the petition which was to permanently stay arbitration and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is granted.
On or about December 8, 2014, Javed Chaudry allegedly was crossing the street when he was struck by an unidentified hit-and-run vehicle. In a letter dated May 2, 2016, Chaudry advised the petitioner that he would be making a claim for uninsured motorist benefits under an insurance policy issued by the petitioner. The petitioner disclaimed coverage, and in September 2016, Chaudry demanded arbitration of his claim for uninsured motorist benefits. Thereafter, the petitioner commenced this proceeding, inter alia, to permanently stay arbitration of Chaudry's uninsured motorist benefits claim on the ground, among other things, that he failed to report the accident to the police, a peace or judicial officer, or the Commissioner of Motor Vehicles within 24 hours of the accident or as soon as reasonably possible thereafter, as required by the uninsured motorist provisions of the insurance policy. After conducting a framed-issue hearing, the Supreme Court denied that branch of the petition which was to permanently stay arbitration and, in effect, dismissed the proceeding. The petitioner appeals.
The record demonstrates that Chaudry failed to report the alleged hit-and-run accident to the police, a peace or judicial officer, or the Commissioner of Motor Vehicles within 24 hours of the accident or as soon as reasonably possible thereafter, as required by the uninsured motorist provisions of the insurance policy. Additionally, Chaudry failed to provide written notice of his claim and to file a sworn statement within 90 days or as soon as practicable after the accident in accordance with the uninsured motorist provisions of the insurance policy. "Absent a valid excuse, the failure to satisfy the notice requirement of an insurance policy vitiates coverage" (Ortiz v Fage USA Corp., 105 AD3d 720, 721; see Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054). Contrary [*2]to the Supreme Court's determination, Chaudry did not offer a valid excuse for his failure to provide timely notice (see Matter of Allcity Ins. Co. [Jimenez], 78 NY2d at 1056; Ortiz v Fage USA Corp., 105 AD3d at 721). Accordingly, the court should have granted that branch of the petition which was to permanently stay arbitration of Chaudry's claim for uninsured motorist benefits (see Matter of Ameriprise Ins. Co. v Katouchis, 165 AD3d 1103, 1104; Matter of Government Empls. Ins. Co. v Bartlett, 112 AD3d 826, 827; Matter of Government Empls. Ins. Co. v Baik, 94 AD3d 888, 889; Matter of Hanover Ins. Co. v Etienne, 46 AD3d 825, 826; Matter of Eagle Ins. Co. v Brown, 309 AD2d 749, 750).
In light of our determination, the petitioner's remaining contention need not be reached.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court