Matter of Progressive Direct Ins. Co. v Ostapenko (2019 NY Slip Op 07586)





Matter of Progressive Direct Ins. Co. v Ostapenko


2019 NY Slip Op 07586


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2018-12229
 (Index No. 502925/18)

[*1]In the Matter of Progressive Direct Insurance Company, appellant, 
v
Irina Ostapenko, respondent.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellant.
Helen F. Dalton & Associates, P.C., Kew Gardens, NY (Sofya Janashvili of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 7, 2018. The order, insofar as appealed from, in effect, denied that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to permanently stay arbitration is granted, and the arbitration is permanently stayed.
The respondent, Irina Ostapenko, allegedly was injured when the vehicle she was driving was struck in the rear by another vehicle that then left the scene. The vehicle Ostapenko was driving was insured by the petitioner. Ostapenko filed a request for uninsured motorist arbitration. The petitioner commenced this proceeding, inter alia, to permanently stay arbitration. In an order dated August 7, 2018, the Supreme Court, among other things, in effect, denied that branch of the petition which was to permanently stay arbitration. The petitioner appeals.
The Supreme Court should have granted that branch of the petition which was to permanently stay arbitration. The subject insurance policy required the insured or someone acting on the insured's behalf to report the collision within 24 hours or as soon as reasonably possible to a "police, peace or judicial officer or to the Commissioner of Motor Vehicles." Ostapenko's failure to comply with this requirement in the absence of a valid excuse vitiates coverage (see Matter of Country-Wide Ins. Co. v Chaudry, 171 AD3d 1052; Matter of Geico Ins. Co. v Silverio, 171 AD3d 924; Matter of Government Empls. Ins. Co. v Baik, 94 AD3d 888, 889; Matter of Eagle Ins. Co. v Brown, 309 AD2d 749, 750; Matter of Interboro Mut. Indem. Ins. Co. v Napolitano, 232 AD2d 561, 562).
In light our determination, the petitioner's remaining contention need not be reached.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court